John G. STREET, Jr., Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Appellee.

No. 16131.

Court of Civil Appeals of Texas.

Fort Worth.

Oct. 7, 1960.

Rehearing Denied Nov. 4, 1960.

Stone, Agerton, Parker & Snakard and Lawton G. Gambill, Fort Worth, for appellant.

Pepper & Markward and Forrest Markward, Fort Worth, for appellee.

MASSEY, Chief Justice.

The proper disposition of the case on appeal is to be resolved by a determination of whether, within the meaning of a certain policy of insurance, lawful surgery performed upon the person of the insured by a licensed Doctor of Dental Surgery (Art. 4590e, Sec. 3, Vernon's Ann.Civ.St.) constitutes operative procedure performed by a "legally qualified physician or surgeon" as identifiable under the provisions of an insurance policy. The parties, through counsel, admit that had the surgery in question been performed by a person li-

censed to practice medicine in Texas under the provisions of Title 71, "Health—Public", Chapter 6, "Medicine", Arts. 4495–4512, inclusive, the surgery in question would have constituted operative procedure performed by such identifiable person.

Our conclusion is that said surgery also constituted operative procedure as provided by the policy when performed by a person licensed as a "Doctor of Dental Surgery" under the provisions of Title 71, "Health—Public", Chapter 9, "Dentistry", Arts. 4543–4551d, inclusive.

Under Art. 4511, "Definitions", (in Chapter 6 of the Title) the terms "physician" and "surgeon" are to be construed as synonymous for purposes pertinent to the Chapter. For this reason, among others, may be demonstrated the infirmity in the Insurance Company's argument that only a person licensed under the provisions of Chapter 6 could be "a legally qualified physician *or* surgeon" as provided by the policy of insurance. (Emphasis supplied.) Indeed, we fail to perceive wherein reference to the statutes is necessary in any interpretation of the disputed provision of the insurance policy for a purpose other than to determine whether the person who performed the surgery was lawfully authorized to perform it at the time and place it was performed. That such was the case is not disputed. Therefore, the proper conclusion to be reached is to be arrived at by common-law principles as applied to contracts in general and insurance contracts in particular. Even the statutes aforementioned recognize that a "Doctor of Dental Surgery" is a qualified surgeon within circumscribed limitations, while a "physician" is a "surgeon" whose limitations are not so circumscribed. Under common-law principles a dentist is a dental surgeon. 70 C.J.S., p. 805, Physicians and Surgeons—I. In General, § 1, Definitions.

When the term "surgeon", as used in this insurance policy, is taken in its plain, ordinary and popular sense it undoubtedly includes those persons whose au-

thorized surgical practice is confined to that portion of the human anatomy to which a "Doctor of Dental Surgery" is restricted by the provisions of Chapter 9, aforesaid, as well as those who are physician-surgeons authorized to perform surgery upon the human body without such restriction. In view thereof, the construction to be made of the meaning of that particular part of the contract in question is of an unambiguous provision. Since no qualification, limitation, condition or restriction having any bearing thereupon appears anywhere in the whole contract, it remains only for the court to construe and enforce such provision according to its terms. 24–B Tex.Jur., p. 86, et seq. "Insurance", "II. Contract or Policy", "C. Construction of Contract", secs. 26–38, inclusive.

In its brief the Insurance Company takes the position that any such construction as we have concluded to be correct would add dental care as a covered risk, obviously one of uncertain and substantial exposure to the Company, not contemplated to be afforded. We cannot agree. It is conceded that much of the work of a dentist does not amount to what, in the understanding of men, are operations. Yet some certainly are. It is to be noted from the policy that monetary benefits in stated amounts are provided for the removal of diseased bone by cutting or scraping. If the Insurance Company is correct, it could reasonably be contended that it was not liable in a majority of the cases where such operative procedure involved the jaws, for even judges are aware of the fact that a majority of such is performed by dentists or dental surgeons as an incident to dental care other than operative. A similar contention could be made as to the hospital expense benefits afforded by the policy when an insured was hospitalized for purposes of dental surgery when the hospitalization was ordered by a dentist incident to the care being rendered by him to the insured as a patient. We reject the contention.

The case having reached this court as the result of a dismissal of a plaintiff's suit upon his failure to meet an exception sustained to his petition, coupled with his refusal to amend, the merits of the case have not yet been heard. We are of the opinion that the suit should be tried upon the pleadings as they existed at time the case was dismissed.

The judgment of the trial court is reversed and the cause remanded for trial.