John G. STREET, Jr., Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Appellee.

No. 16314.

Court of Civil Appeals of Texas.

Fort Worth.

April 19, 1963.

Rehearing Denied May 31, 1963.

---

Herrick & McEntire, Stone, Parker, Snakard, Friedman & Brown, and Lawton G. Gambill, Fort Worth, for appellant.

Pepper & Markward, and Robert C. Pepper, Fort Worth, for appellee.

MASSEY, Chief Justice.

Our opinion in this case, filed under date of March 15, 1963, is withdrawn and the following substituted therefor.

This case was originally dismissed in the trial court after the court sustained exceptions to plaintiff's pleadings to the effect that a legally qualified dental surgeon was not a legally qualified physician or surgeon within the terms of a policy upon which suit was brought. Upon appeal we held that lawful surgery performed upon the insured by a licensed doctor of dental surgery constituted operative procedure performed by a "legally qualified physician or surgeon" within provisions of the policy providing for operative procedure performed by a legally qualified physician or surgeon. Street v. Continental Casualty Co., Tex.Civ.App., 339 S.W.2d 680.

This appeal is from a judgment for defendant following a trial on the merits.

The jury found that the acts which Dr Treadwell performed upon the mouth of plaintiff constituted "operations".

Issue No. 4 was as follows: "Comparing the severity of the operation, if any, which was performed on the plaintiff by Dr. Treadwell on the 22nd day of March, 1958, with the operations which are named in the insurance policy involved in this suit, what amount of money, if any, do you find from a preponderance of the evidence would be comparable and reasonable for the defendant to pay the plaintiff for such operation, if any? Answer in dollars and cents, if any." Issues Nos. 5, 6, 7 and 8 were identical except for dates. None of said issues were answered by the jury.

Special Issue No. 21 and the jury's answer were as follows: "Do you find from a preponderance of the evidence that objectively determined, on the basis of comparative severity, the operations, if any you have found, performed by Dr. Treadwell as a dentist upon the mouth of plaintiff were not of comparative severity with, 'Sinus: Cutting into other than puncture, multiple', as listed in the policy in question? In connection with the preceding Special Issue No. 21, you are instructed that the term, 'comparative severity', means of substantially equal risk, involvement of time, expense and physical affect upon the human body. Answer: 'They were not comparative', or, 'They were comparative', as you may find." Answer: "They were not comparative."

Other issues submitted are not material to this appeal.

The judgment recites that the court accepted and filed the verdict and "The court upon its own motion finds * * * that on the verdict of the jury in answer to Special Issue No. 21, together with the evidence in this cause, the pleading and the law, plaintiff is not entitled to recover * * *."

In three points of error the plaintiff contends the court erred in rendering judgment for defendant because Issue No. 21 was not a controlling issue, and there was no evidence or insufficient evidence to support the answer of the jury thereto.

Part III of the policy under the heading, Surgical Expense, provides: "When injury or sickness shall cause any member of the Family to undergo any operation named herein which is performed by a legally qualified physician or surgeon while this policy is in force as to such member, the Company will pay the actual expense incurred for such operation, including post operative care in the hospital, but not in excess of the amount set opposite the operation nor in excess of $500.00 for all operations performed as the result of any one accident or any one period of sickness." The policy then lists 198 operations and the amount of money the Company will pay for each listed operation. Dental surgery is not listed in the schedule. Immediately following the schedule, however, it is provided: "The Company will pay, subject to the limit provided, for operations not named above amounts objectively determined on the basis of comparative severity with operations which are named, but not less than the minimum nor more than the maximum amounts provided for operations named."

Dr. Treadwell testified that plaintiff's complaint was a periodontal involvement, or pyorrhea treatment, and involved the tissues and structures around the teeth. He performed a curettage to remedy the situation. From March through May, 1958, he performed five different operations which consisted of deadening and blocking and giving anesthesia and packing with a cautery, then taking an instrument and curetting the lining of the periodontal pocket to healthy tissue.

The witness was asked: "Referring to Plaintiffs' Exhibit No. 1, which is this Policy, do you see there an operation listed that is based upon your knowledge, of comparable severity, to the operation that you performed on John Street." The witness answered it would be the maxillary sinus. The witness was apparently referring to a portion of the policy which provides:

"Sinus
   "Cutting into other than puncture
      "Ethmoid
         "Single _____ $150.00
         "Bilateral _____ 200.00
      "Other
         "Single _____ 100.00
         "Multiple _____ 150.00
         "Puncture _____ 20.00"

The doctor testified that maxillary sinus was not named in the schedule but would come under "Other". He was then asked: "Now, you're pointing, Doctor, to a place on the Exhibit, Plaintiff's Exhibit No. 1, under 'Sinus.' Then under that, there are two headings one, 'Cutting into other than puncture; Ethmoid.' Then the second heading is, 'Sinus; Other.' And you have pointed to the 'Single,' which you interpret 'Other' would be the Maxillary, would include the Maxillary Sinuses." He answered, "I guess it would."

He was asked if the maxillary was comparable to each of the five operations he performed on plaintiff and answered, "The time would be similar, I'd think." He testified he was not authorized to do an Ethmoid as that was out of his field. The maxillary, he testified, is above the upper teeth, he did not know where the Ethmoid was located. Multiple means more than one operation under the policy heading "Other". He testified that in addition to time, in some cases, pain would be similar, "something like that". He had never done a sinus operation. He further testified that "anything

in the mouth that you do is an operation." He treated plaintiff over a period of three months for periodontitis, which treatment consisted "of full mouth curettage done in 5 different operations." He charged $30.00 for each "operation". He was asked, "You didn't mean that a single $100.00 operation (in the policy schedule) was comparable to one of these $30.00 operations, did you?" and he answered, "Well, the $30.00 and $100.00, No, it couldn't be the same." When asked on what basis of severity operations listed under "Other" in the policy were comparable to the operations performed, he replied: "Well, the time basis, and of course, when you give anesthetics and such as that, you naturally run into a risk, and that would be about the only thing that I would see." He testified that the maxillary sinus operation was the only one of the 198 in the policy schedule that had any comparability to the work he did on plaintiff.

The jury has exclusive power to determine the credibility of the witnesses and the weight to be given their testimony. 24 Tex.Jur.2d, p. 352, § 705. It may accept part of a witness' testimony and reject the remainder if the facts of the case justify such action, Varnado v. City of Groves, Tex.Civ.App., 329 S.W.2d 100, and may determine any reasonable inferences that may be drawn from the facts. The evidence was such as to support the jury's finding to issue No. 21; hence, plaintiff's points of no evidence and insufficient evidence are overruled.

We sustain, however, plaintiff's contention that issue No. 21 is not a controlling issue and that the jury's answer thereto does not support judgment for the insurance company. Plaintiff's cause of action for recovery of expenses incurred for operations performed by Dr. Treadwell is not dependent upon an affirmative finding that the operations performed were of comparative severity with the operation listed in the insurance policy as "Sinus: Cutting into other than puncture, multiple".

Neither does the jury's answer to issue No. 21 constitute a finding that plaintiff is not entitled to recover any sum of money under the policy of insurance. Thereby is established only that the plaintiff may not recover the sum of money provided to be paid under the policy schedule for the one operation (among the 198 listed) inquired about in the issue. Neither does the jury's answer constitute a finding that the operations performed were not of comparative severity with one or more of the other 198 operations listed.

As related to the "operations" performed upon plaintiff by Dr. Treadwell, March 22, 1958, May 2, 1958, May 16, 1958, June 6, 1958, and June 20, 1958, the plaintiff could not have been entitled to less than the amount of $5.00 even were the multiple operations considered as one operation. This is so because in connection with the schedule of 198 operations was provided that the company would, in the event of liability under the policy, be obliged to pay for operations not specifically enumerated "amounts objectively determined on the basis of comparative severity with operations which are named, *but not less than the minimum* nor more than the maximum amounts provided for operations named". (Emphasis supplied.) It is observable from the schedule that the minimum amount to be payable for any "operation" was $5.00. The jury found that plaintiff had an "operation" or "operations". Whether any single "operation" the plaintiff underwent was or not specifically set out in the schedule he could not have been entitled to less than $5.00. That being the minimum amount payable under the contract of the parties there could be no proper judgment for less than said minimum amount in the event it be established that the insurance company was liable thereon. Such was so established.

The fact that the evidence offered by the plaintiff on the trial was presented under the theory that the operation performed was of comparative severity to that

inquired about in issue No. 21 (which the jury answered against him) did not foreclose the plaintiff in his right to recover under a theory that said operation was of comparative severity to one or more of the other 197 operations of the schedule. Decision thereof was a matter for conclusion by the jury.

■ In our opinion the state of the verdict was synonymous with and comparable to one by which the plaintiff has established liability on the part of the defendant sued, but where the jury has failed to find the amount of damages to which he was entitled; or to one by which the plaintiff has shown his right to have the defendant perform his correlative duty under a contract, but where the jury could not agree what that correlative duty was.

It may be that there are some such cases where the plaintiff is confronted with an insuperable barrier to ever effecting his recovery, but his difficulty will always be in persuading the jury to find matters which measure the relief to be granted, in view of his entitlement. The law will afford him the opportunity to continue to strive for a verdict of damages, restitution, or other recovery, so long as he continues to be successful in persuading juries to find that the defendant is liable to him. In this plaintiff was successful on the trial below. Judgment for his adversary was improperly rendered against him.

Judgment is reversed. The cause is remanded for another trial.

RENFRO, Justice (dissenting).

I would overrule plaintiff's contention that issue No. 21 was not a controlling issue.

Since Dental Surgery was not listed in the policy under "Surgical Expense", the plaintiff had the burden of proving that the operations performed by the dentist "were of comparative severity with operations which are named." Plaintiff was free

to offer evidence on any of the 198 operations which were named in the policy. The evidence offered, however, was limited to a comparison with maxillary sinus. Issue No. 21 was specific and definite. It placed before the jury the only operation upon which any evidence had been offered as to comparable severity.

The plaintiff did not object to the submission of Issue No. 21, hence, he waived any defects, definitions, omissions or faults therein, and was bound by the jury's finding thereon. Rule 274, Texas Rules of Civil Procedure.

I would affirm the judgment of the trial court.