AMERICAN CENTRAL INSURANCE COMPANY, Appellant,

v.

James R. MELTON, Appellee.

No. 16476.

Court of Civil Appeals of Texas.

Dallas.

March 26, 1965.

Rehearing Denied April 9, 1965.

Touchstone, Bernays & Johnston and Webber W. Beall, Jr., Dallas, for appellant.

Andress, Woodgate, Richards & Condos, Wm. Andress, Jr., Dallas, for appellee.

WILLIAMS, Justice.

James R. Melton brought this action against American Central Insurance Company seeking to recover medical expenses under the provisions of an automobile liability insurance policy issued to Melton by the insurance company. The insurance policy, under "Medical Payments" provided, *inter alia*:

> "To pay all reasonable expenses incurred within one year from the date of accident for necessary medical, surgical, x-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral expenses."

Plaintiff Melton alleged that he and his wife had been involved in an automobile accident on March 12, 1962 wherein each had allegedly sustained personal injuries and had incurred medical expenses in excess of $1,000 each for treatment therefor. The insurance company answered with a general denial.

The jury, in answer to special issues inquiring as to the amount of the reasonable expenses necessarily incurred for medical services by both Mr. and Mrs. Melton, found such amount to be $800 and judgment was rendered for the plaintiffs in that sum, together with $200 attorneys' fees, and $96 penalties. Defendant's motion for judgment *non obstante veredicto,* based upon the absence of evidence to support the jury's answer to the medical expense issues, was overruled. Defendant appeals from that action, asking us to reverse and render the judgment of the trial court. Plaintiff also appeals, asking us to reverse and remand the judgment, based upon alleged procedural errors, and also for the reason that the verdict is manifestly inadequate.

Special Issue No. 2, as submitted to the jury, inquires:

> "What do you find from a preponderance of the evidence to be the amount of the reasonable expense, if any, incurred within one year from the

date of the accident in question for necessary medical services, if any, to James R. Melton?"

Special Issue No. 4 was the same question as to the services rendered Mrs. Melton. Appellant presents six points of error which contend that the trial court erred in refusing to set aside the jury's verdict in answer to each of these special issues, and to render judgment *non obstante veredicto* for appellant, because there was no evidence, insufficient evidence, and no competent evidence of the reasonableness and necessity for medical services to Mr. and Mrs. Melton. Since all of appellant's points relate to the action of the court in refusing its judgment *non obstante veredicto* such points are "no evidence" points inasmuch as the trial court would not have been legally authorized to grant the motion for judgment *non obstante veredicto* unless there was no evidence to sustain the answers of the jury to Issues 2 and 4. Davidson v. Methodist Hospital of Dallas, Tex. Civ.App., 348 S.W.2d 400; Burbridge v. Rich Properties, Inc., Tex.Civ.App., 365 S. W.2d 657; Burt v. Lochausen, 151 Tex. 289, 249 S.W.2d 194; Lockley v. Page, 142 Tex. 594, 180 S.W.2d 616; Quarles v. Quarles, Tex.Civ.App., 386 S.W.2d 337. Appellant's Points 1 and 2, being "no evidence" points, will be discussed presently. Appellant's Points 3, 4, 5 and 6, being "insufficient evidence" points, must be overruled on the authority of the above cited cases.

█ Being a "no evidence" situation, we have reviewed appellant's Points 1 and 2 in the light of the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660. Having so examined this question of law we are in agreement with appellant that there is no evidence of probative force of the reasonableness of the medical services that were rendered Mr. and Mrs. Melton. As recited above the insurance contract expressly provided that the company would be liable to pay the insured reasonable medical expenses necessarily incurred as a result of an accident. Melton, in his pleadings, al-

leged an itemized list of medical expenses for which he sought a judgment. The insurance company denied these items. This cast the burden of proof upon Melton to prove by a preponderance of the evidence the reasonableness of the medical expenses which had been necessarily incurred by him and his wife growing out of the accident in question. In an effort to meet this burden of proof only two witnesses were offered by appellee and those were Mr. and Mrs. Melton. Several attempts were made to elicit testimony from these witnesses as to their opinions regarding the reasonableness of the medical expenses. On each occasion objection would be interposed to the effect that Melton and his wife were not shown to be qualified to express an opinion relating to the reasonableness of the items and on each occasion the trial court sustained such objection and refused to allow Mr. and Mrs. Melton to render an opinion concerning this vital question. The trial court did permit Mr. and Mrs. Melton to testify what they had actually paid in medical expenses but limited this testimony to showing the amount paid. In taking this action the court said:

> "I will allow them to prove what they paid out in expenses, but if they are reasonable, I don't believe they have qualified, certainly to the extent of knowing. I don't believe they could qualify as knowing if they were reasonable. I am going to let them testify to the amount of the bill, but as to the reasonableness, I would have to have a showing that they had more than the common knowledge that an ordinary person would have."

We think the trial court was correct. These expenses involved technical expenses such as x-rays, orthopedic care, physiotherapy, etc. These are matters outside the scope of the knowledge of the ordinary layman and must be established by those who are cognizant with such matters. The trial court heard the testimony of both witnesses as to their experience in matters

of this kind and concluded that neither possessed the necessary qualifications to express an opinion. The trial court is vested with broad discretion in determining whether a witness offered as an expert possesses the necessary qualifications and this discretion is not subject to review, except for an abuse thereof. Long v. Surls, Tex.Civ.App., 275 S.W.2d 728. We see no abuse of discretion revealed in this record.

We also think the trial court was correct in allowing evidence of actual payment of medical expenses but in denying that such constituted evidence of reasonableness thereof. Our Supreme Court, in Dallas Ry. & Terminal Co. v. Gossett, 156 Tex. 252, 294 S.W.2d 377, specifically held that it is now well settled in Texas that proof of the amounts charged or paid does not raise an issue of reasonableness, and recovery of such expenses will be denied in the absence of evidence showing that the charges are reasonable. See Annotation, 82 A.L.R. 1325; Pelham Mfg. Co. v. Ridlehuber, Tex.Civ.App., 356 S.W.2d 502.

There being nothing in this record but the amount of medical expenses paid, and there being no evidence of probative force concerning the reasonableness thereof, we find no basis for the answers of the jury to Special Issues 2 and 4. Appellant's Points 1 and 2 are sustained.

Appellee Melton presents five cross-points of error, seeking to reverse the judgment of the trial court. In his first cross-point he complains of the action of the trial court in refusing to permit Mr. and Mrs. Melton to testify as to the reasonable value of the medical services rendered to them. It is argued that medical services, hospital bills, drug bills and physical therapy are matters of every day experience and that the average layman is familiar with the reasonableness of the charges for such services. We cannot agree. The matters under controversy are not such as to be commonplace. Values

of such services are within the peculiar knowledge of those who deal in such things and can express a professional opinion. Cases dealing with expression of opinions by laymen concerning the value of land or animals have no relevancy in this situation. As we stated above the trial court exercised its discretion in refusing to permit these witnesses to express an opinion and such refusal will not be disturbed by us as an abuse of discretion.

In his second, third and fourth cross-points appellee complains concerning the action of the trial court in permitting appellant to cross-examine Melton relating to other lawsuits and claims arising out of the accident in question; in cross-examining Melton on the matter of notes made by him in preparation for a lawsuit; and in cross-examination concerning the amount of Melton's income in the year prior to the accident. We have carefully examined the record relating to these three procedural complaints and find that in each instance the cross-examination was limited by the trial court to impeachment. Since all of the matters were clearly for impeachment purposes we see no reversible error reflected. The trial court has a large degree of discretion in determining the manner and extent of cross-examination and we do not feel that there has been any abuse of such discretion here. Varnado v. City of Groves, Tex.Civ.App., 329 S.W.2d 100; Grocers Supply Co. v. Stuckey, Tex. Civ.App., 152 S.W.2d 911.

By his fifth cross-point appellee complains that the jury findings of Issues 2 and 4 are contrary to the overwhelming weight and preponderance of the evidence. We need not comment further on this cross-point since we have already held that there is no evidence of probative force to justify the answers of the jury to these special issues.

Both parties admit that the trial of this case was lacking in perfection. It is our judgment that in the interest of justice this cause should be reversed and remanded for a new trial, rather than reversed and rendered as prayed for by appellant. 4 Tex. Jur.2d 522, § 914, and cases therein cited.

The judgment of the trial court is:

Reversed and remanded.