### DIXIE GAS & FUEL CO. v. JACOBS et al.
### No. 2585.

Court of Civil Appeals of Texas. Beaumont.
Dec. 8, 1933.

Rehearing Denied Dec. 13, 1933.

Smith, Smith & Boyd and Chas. B. Walker, all of Beaumont, for relator.

D. E. O'Fiel, O. M. Lord, and W. R. Blain, all of Beaumont, for respondents.

COMBS, Justice.

This is an original proceeding instituted in this court by relator seeking to restrain the Honorable Geo. C. O'Brien, judge of the Fifty-Eighth district court of Jefferson county, from proceeding with the trial of, and the other respondents, Luberta Jacobs and husband, from prosecuting, a certain suit for damages now pending in said Fifty-Eighth district court, wherein the said Luberta Jacobs and husband are plaintiffs and the relator is defendant.

The basis of the application is the pendency of another suit, involving the same parties and the same subject-matter, wherein respondents recovered a judgment against relator in the trial court, and on appeal to this court the judgment was reversed and the case remanded for a new trial, but no mandate has been taken out.

The facts are briefly as follows: On January 3, 1931, respondents, Luberta Jacobs and husband, filed a suit in the Fifty-Eighth dis-

trict court of Jefferson county, seeking to recover of relator damages for personal injuries sustained by Luberta Jacobs on December 25, 1930, when an automobile in which she was riding ran into an excavation in the street made by relator. The case was tried on June 1, 1931, and resulted in a judgment for respondents. The case was duly appealed to this court, and on March 3, 1932, this court reversed and remanded the case for a new trial "in accordance with the opinion." See 47 S.W.(2d) 457. Respondents made application to the Supreme Court for writ of error, and the application was dismissed for want of jurisdiction July 6, 1932. Respondents then made application to this court to issue mandate without payment of cost. The application was contested, and on November 16, 1932, this court made an order overruling the application. The costs of this court have never been paid, and no mandate has been issued. On December 12, 1932, respondents filed a new suit in the Fifty-Eighth district court against relator, pleading the same cause of action. In fact, the pleadings in the second suit are, with minor exceptions, identical with the pleadings in the first case. Relator filed a plea in abatement on the ground of the pendency of the first case. On July 1, 1933, the Honorable Geo. C. O'Brien, judge of the Fifty-Eighth district court, overruled the plea in abatement and relators petitioned this court for leave to file the application for writ of prohibition, and the petition was granted and the application ordered filed. The cause was set for hearing, and both parties filed briefs, and appeared and argued the application.

We think the relators are entitled to the writ of prohibition. By the appeal of the original case this court acquired jurisdiction of the parties and of the subject-matter. The trial court thereby lost its jurisdiction to proceed with the case except as it might later be empowered and directed by the mandate of this court or of the Supreme Court. The statutes relating to appeal and writ of error and the issuance of mandate make this plain, we think. The Statutes provide:

"Art. 2284. Where a cause shall be removed by appeal or writ of error to the appellate court, the cause shall remain or be replaced on the docket to await the mandate of the appellate court.

"Art. 2285. Upon the return of the mandate, if the judgment of the court below be reversed by the appellate court, the cause shall stand for trial in its order on the docket."

When jurisdiction of an appellate court attaches under an appeal or writ of error, full control of the case becomes vested in such court, and the jurisdiction of the trial court is suspended and remains in abeyance. **3**

448

Tex. Jur. p. 1278. The jurisdiction of the appellate court having attached, it may reverse and remand the case for further proceedings not inconsistent with the opinion, or it may limit the subsequent trial to a single issue. Humble Oil Co. v. Kishi (Tex. Civ. App.) 299 S. W. 687; Davis v. Morris (Tex. Com. App.) 272 S. W. 1103. The trial court reacquires jurisdiction of the trial of the case when the mandate of the appellate court is received and filed. Thorndale Mercantile Co. v. Continental Gin Co. (Tex. Civ. App.) 241 S. W. 260, reversed on other grounds (Tex. Com. App.) 254 S. W. 939; Wells v. Littlefield, 62 Tex. 28; Montague County v. White (Tex. Civ. App.) 260 S. W. 907. The mandate is the official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court upon the appeal and directing it in all things to have it duly recognized, obeyed, and executed. Black v. Epperson, 40 Tex. 163.

Since this court still has jurisdiction of the parties and of the subject-matter acquired by the appeal of the original case, any attempt on the part of respondents to proceed with a trial of the case in the absence of a mandate and by the mere filing of a new suit would be a clear invasion of the jurisdiction of this court. It is our duty, we think, to enforce the orderly rules of procedure provided by statute governing the retrial of cases on remand from appellate courts.

The writ of prohibition is awarded as prayed for.