**MOTORS INSURANCE CORPORATION,**
Appellant,

v.

**O. H. FREEMAN, Appellee.**

No. 7061.

Court of Civil Appeals of Texas.

Texarkana.

May 13, 1958.

**454**

John D. Griggs, Dallas, for appellant.

Enoch G. Fletcher, Grand Saline, for appellee.

FANNING, Justice.

This is a plea of privilege case. As hereinafter related, we find that the trial court did not have jurisdiction to try the case and that accordingly this Court does not have jurisdiction of this appeal. The appeal is dismissed.

The salient facts relative to this matter are as follows: O. H. Freeman (appellee herein) sued Motors Insurance Corporation (appellant herein) in the County Court of Van Zandt County, Texas; Motors Insurance Corporation filed its plea of privilege, which was controverted, and which was overruled by the County Court of Van Zandt County, Texas; Motors Insurance Corporation appealed to the Court of Civil Appeals for the 5th Supreme Judicial District of Texas (the Dallas Court of Civil Appeals); the Dallas Court of Civil Appeals on June 21, 1957, in an opinion reported in 304 S.W.2d 580, styled Motors Insurance Corporation v. Freeman, No. 15,-308, reversed the judgment of the trial court and remanded the cause to the trial court for another hearing not inconsistent with the holdings of such appellate court; appellee's motion for rehearing in such case was denied; such case had no writ history in the Supreme Court of Texas; a mandate had never been issued by the Dallas Court of Civil Appeals in said cause No. 15,308 until the very recent date of April 18, 1958, when a mandate was issued. Notwithstanding the fact that no mandate had *then* been issued in the above referred to cause, No. 15,308, the County Court of Van Zandt County, Texas, heard and re-tried the same plea of privilege case between the same appellant and same appellee which had originally been tried and had been appealed to and reversed by the Dallas Court of Civil Appeals, and on December 4, 1957, rendered and entered its judgment overruling the plea of privilege of Motors Insurance Corporation from which judgment said Corporation appealed to the Dallas Court of Civil Appeals in cause No. 15,430 before said Court. By direction of an order of the Supreme Court of Texas on equalization of the dockets of the Courts of Civil Appeals, said appealed cause was transferred from the Dallas Court of Civil Appeals to this Court, the Court of Civil Appeals for the 6th Supreme Judicial District of Texas (Texarkana Court of Civil Appeals).

On January 21, 1958, Hon. Justin G. Burt, Clerk of the Dallas Court of Civil Appeals, wrote a letter to the Clerk of this Court relative to this cause. We quote in part from said letter as follows:

"January 21, 1958.
"Hon. M. E. Merrill, Clerk
Court of Civil Appeals,
Texarkana, Texas.

"Re: No. 15430, Motors Insurance
Corp'n v. O. H. Freeman

"Dear Mr. Merrill:

"The above is one of the cases being transferred to your Court.

"I beg to call your Court's attention to the fact that the same styled case, and same number in the trial court, was appealed to this court last year, which was reversed and remanded by this court (304 S.W.2d 580); that the costs of appeal were adjudged against appellee, which he never paid nor made affidavit of inability to pay same (Rules 443 and 444), hence no mandate was ever issued. * * *"

It is undisputed that the County Court of Van Zandt County, Texas, tried the plea of privilege case in question, at a time (December 4, 1957) when no mandate had been issued by the Dallas Court of Civil Appeals, in the reversed case. It is also undisputed that for the first time, to-wit, on April 18, 1958, a mandate was issued by the Dallas Court of Civil Appeals in said cause.

In Dixie Gas & Fuel Co. v. Jacobs, Tex. Civ.App., 66 S.W.2d 446, 447, er. dis., it was held that where a judgment for plaintiffs was reversed and remanded for new trial but no mandate was issued, the defendant was entitled to a writ of prohibition against a new suit based on the same cause of action. We quote from the court's opinion in this case as follows:

"We think the relators are entitled to the writ of prohibition. By the appeal of the original case this court acquired jurisdiction of the parties and of the subject-matter. The trial court thereby lost its jurisdiction to proceed with the case except as it might later be empowered and directed by the mandate of this court or of the Supreme Court. The statutes relating to appeal and writ of error and the issuance of mandate make this plain, we think. The Statutes provide:

" 'Art. 2284. Where a cause shall be removed by appeal or writ of error to the appellate court, the cause shall remain or be replaced on the docket to await the mandate of the appellate court.

" 'Art. 2285. Upon the return of the mandate, if the judgment of the court below be reversed by the appellate court, the cause shall stand for trial in its order on the docket.'

"When jurisdiction of an appellate court attaches under an appeal or writ of error, full control of the case becomes vested in such court, and the jurisdiction of the trial court is suspended and remains in abeyance. 3

Tex.Jur. p. 1278. The jurisdiction of the appellate court having attached, it may reverse and remand the case for further proceedings not inconsistent with the opinion, or it may limit the subsequent trial to a single issue. Humble Oil & Refining Co. v. Kishi, Tex.Civ.App., 299 S.W. 687; Davis v. Morris, Tex.Com.App., 272 S.W. 1103. The trial court reacquires jurisdiction of the trial of the case when the mandate of the appellate court is received and filed. Thorndale Mercantile Co. v. Continental Gin Co., Tex.Civ.App., 241 S.W. 260, reversed on other grounds, Tex.Com.App., 254 S.W. 939; Wells v. Littlefield, 62 Tex. 28; Montague County v. White, Tex.Civ.App., 260 S. W. 907. The mandate is the official notice of the action of the appellate court, directed to the court below, advising it of the action of the appellate court upon the appeal and directing it in all things to have it duly recognized, obeyed, and executed. Black v. Epperson, 40 Tex. [162] 163.

"Since this court still has jurisdiction of the parties and of the subject-matter acquired by the appeal of the original case, any attempt on the part of respondents to proceed with a trial of the case in the absence of a mandate and by the mere filing of a new suit would be a clear invasion of the jurisdiction of this court. It is our duty, we think, to enforce the orderly rules of procedure provided by statute governing the re-trial of cases on remand from appellate courts.

"The writ of prohibition is awarded as prayed for."

We hold that the County Court of Van Zandt County, Texas, on December 4, 1957, the date it rendered judgment in the plea of privilege case under consideration here, did not *then* have jurisdiction to try said cause, by reason of the fact that no mandate had been issued prior to such trial and that said cause was then still pending in

the Dallas Court of Civil Appeals. It follows that the judgment of the County Court of Van Zandt County, Texas, of December 4, 1957, was void and a nullity. Although the County Court of Van Zandt County re-acquired jurisdiction of the plea of privilege case when the mandate was finally issued on April 18, 1958, such would not relate back to the time of December 4, 1957, when the County Court did not have jurisdiction. Since the County Court of Van Zandt County, Texas, did not have jurisdiction of the cause in question, at the time it rendered judgment, it follows that this Court does not have jurisdiction of the appeal. Since the County Court of Van Zandt County, Texas, re-acquired jurisdiction of the plea of privilege case on April 18, 1958, when the Dallas Court of Civil Appeals issued its mandate in the matter, the proper procedure for the County Court of Van Zandt County, Texas, to now follow, is to set aside its void judgment of December 4, 1957, and have another hearing on the plea of privilege not inconsistent with the holdings of the Dallas Court of Civil Appeals in the previously referred to cause No. 15,308, styled Motors Insurance Corporation v. Freeman, reported in 304 S.W. 2d 580.

The appeal in this cause is dismissed for lack of jurisdiction.