John G. STREET, Jr., Appellant,

v.

CONTINENTAL CASUALTY COMPANY, Appellee.

No. 16314.

Court of Civil Appeals of Texas.

Fort Worth.

May 11, 1962.

Rehearing Denied June 1, 1962.

Herrick & McEntire, Stone, Parker, Snakard, Friedman & Brown, and Lawton G. Gambill, Fort Worth, for appellant.

Pepper & Markward and Robert C. Pepper, Fort Worth, for appellee.

PER CURIAM.

## ON MOTION FOR REHEARING

The opinion handed down in this case under date of April 6, 1962, is withdrawn and the following substituted therefor.

In the District Court of Tarrant County, Suit No. 11360–C, styled John G. Street, Jr., v. Continental Casualty Company, was dismissed after the trial court sustained exceptions to plaintiff's pleadings to the effect that a legally qualified dental surgeon was not a legally qualified physician or surgeon within the terms of an insurance policy upon which suit was brought. Upon appeal we held that lawful surgery performed upon the insured by a licensed doctor of dental surgery constituted operative procedure performed by a "legally qualified physician or surgeon" within provisions of the policy providing for operative procedure performed by a legally qualified physician or surgeon. Street v. Continental Casualty Co., Tex.Civ.App., 339 S.W.2d 680.

Petition for writ of error from our judgment in said case was filed. Later same was dismissed. Matters relative to the mandate of this court, in view of the condition of affairs, were regulated by the provisions of Texas Rules of Civil Procedure 442 to 447, inclusive. It is to be observed from the records of this court, of which we take judicial notice, that our mandate in the case was issued under date of August 11, 1961. Then and thereafter the provisions of T.R.C.P. 369, "Trial Court Docket of Appealed Cases" became operative to require that the clerk of the trial court reinstate Cause No. 11360–C on its docket as a cause of action pending for trial, at variance with its status as a dismissed case with dismissal suspended pending prosecution of the appeal. In a recent case is contained a discussion of the authorities and legal situation relative to the matter of jurisdiction, from a review of which it is made apparent that it was only on and after date of August 11, 1961, that the trial court was reinvested with jurisdiction to try or otherwise effectively act in the case, authority in said respect being controlled by the fact of the delivery thereto of the mandate of this court. Motors Insurance Corporation v. Freeman, 1958 (Tex.Civ. App., Texarkana), 314 S.W.2d 453.

Somehow it occurred that the parties to the suit, following the opinion and judgment in this court and following the dismissal of the petition for writ of error by the Supreme Court, but prior to date of August 11, 1961, announced ready for the trial of the case and the case was tried and judgment entered, from which a purported appeal was taken to this court. Neither the trial court nor this court had any jurisdiction by reason of the fact that the case was tried on the merits, and judgment rendered thereon, at a time when the jurisdiction was pending in this court under the circumstances described in our former opinion. (339 S.W.2d 680). Said attempted proceedings in and by the trial court therefore constituted a nullity in that they constituted action taken upon a matter of which the court was not then invested with jurisdiction. The proper procedure for the District Court to now follow is to set aside its void judgment entered pursuant to said proceedings and have another trial of said cause of action No. 11360–C.

The appeal is dismissed.

RENFRO, Justice (dissenting).

I would set aside our order of dismissal, and affirm the judgment of the trial court.