**CONTINENTAL CASUALTY COMPANY, Petitioner,**

v.

**John G. STREET, Jr., Respondent,**

**John G. STREET, Jr., Petitioner,**

v.

**CONTINENTAL CASUALTY COMPANY, Respondent.**

No. A–9113.

Supreme Court of Texas.

Jan. 30, 1963.

Pepper & Markward, Fort Worth, for Continental Cas. Co.

Stone, Parker, Snakard, Friedman & Brown, Herrick & McEntire, George Busch with firm, Fort Worth, for John G. Street, Jr.

NORVELL, Justice.

While this cause was tried to a jury in the District Court, the suit was one which could have been tried in the County Court under Article 5, § 16 of the Texas

Constitution, Vernon's Ann.St. Our jurisdiction rests upon paragraph 1 of Article 1728 and the provisions of Article 1821, Vernon's Ann.Tex.Stats., as one of the justices of the Court of Civil Appeals filed a dissenting opinion.

The suit was based upon an indemnity insurance contract involving services rendered to John G. Street, Jr. and his family by Dr. Thomas J. Treadwell and Dr. Evan Moore. The jury failed to answer all issues submitted to it and the trial court, being of the opinion that the petition of the plaintiff Street stated two separate causes of action, one involving the services of Dr. Treadwell and the other the services of Dr. Moore, ordered a severance and rendered judgment that Street take nothing against Continental Casualty Company in both of the severed causes. However, upon hearing of motion for new trial in one of the said causes, (No. 11360–C involving the services of Dr. Moore) the trial court set aside the judgment rendered therein and granted a new trial. The court however denied the motion for new trial filed in the other cause (No. 11360–(1)–C involving the services of Dr. Treadwell) and Street thereupon appealed to the Court of Civil Appeals for the Second Supreme Judicial District. That court affirmed the judgment of the trial court in an opinion handed down on April 6, 1962. However, on May 11, 1962, the Court, on its own motion, withdrew its former opinion and dismissed the appeal.[1] The dissenting justice simply stated that he "would set aside (the) order of dismissal, and affirm the judgment of the trial court."

■■ The holding of the Court of Civil Appeals was that as the case had been appealed in 1960 (339 S.W.2d 680) and the mandate of the Court of Civil Appeals had not been returned at the time the trial was had, the judgment appealed from was void. The appeal was thereupon dismissed. The order of dismissal is not the proper order to enter upon an appellate ascertainment that a judgment of the trial court is void as the appellate court has jurisdiction to declare the invalidity of a void judgment, Jones v. Bass, Tex.Com.App., 49 S.W.2d 723, 3 Tex.Jur.2d 333, § 71, provided of course the proper appellate procedures are followed. Lund v. State, Tex., 352 S.W.2d 457. In substance, however, the Court of Civil Appeals declared the judgment of the trial court void upon its own motion as a matter of fundamental error. Despite the brevity of the dissenting opinion it is apparent that the minority justice regarded the judgment of the trial court as being valid and not void. The point of the dissent is abundantly clear and consequently this Court has jurisdiction.

We pass to the controlling question in the case—that relating to the asserted voidness of the judgment because the case was retried and judgment entered before the mandate had been returned from the appellate court after an appeal.

The Court of Civil Appeals followed the decision of another Court of Civil Appeals in arriving at its holding. In Motor Insurance Corporation v. Freeman, Tex.Civ. App., 314 S.W.2d 453, it was said:

"We hold that the County Court of Van Zandt County, Texas, on December 4, 1957, the date it rendered judgment in the plea of privilege case under consideration here, did not then have jurisdiction to try said cause, by reason of the fact that no mandate had been issued prior to such trial and that said cause was then still pending in the Dallas Court of Civil Appeals. It follows that the judgment of the County Court of Van Zandt County, Texas, of December 4, 1957, was void and a nullity."

The Freeman case involved a plea of privilege over which the jurisdiction of this

1. This opinion is reported in 358 S.W. 2d 746. The opinion rendered by the Court of Civil Appeals in a previous appeal of the case is reported in 339 S.W. 2d 680 and this Court dismissed the application for writ of error for want of jurisdiction.

Court is extremely limited, State v. Wynn, 157 Tex. 200, 201 S.W.2d 76, and no application for writ of error to this Court was filed. The decisions of this Court do not support such holding. The rules relating to the return of the mandate from the appellate to the trial court[2] are taken from predecessor statutes which were dealt with in the case of Warren v. Fredericks (1892), 83 Tex. 380, 18 S.W. 750. These statutes were construed as being primarily procedural in nature. They provide for an orderly dispatch of judicial business by adopting procedures under which both the appellate and trial courts may have knowledge of the status of pending litigation and thus prevent the issuance of conflicting orders by the courts of the trial and appellate levels. In the absence of an actual interference with the appellate court's authority over a case, the provisions relating to the return of the mandate do not appear to have been regarded as jurisdictional in the sense that any action taken by a trial court before the return of the mandate must be considered a nullity.[3]

In Warren v. Fredericks it was said:

"The appellee has moved to dismiss the present appeal because the transcript does not contain a copy of the mandate of the supreme court, issued upon its former judgment. We think that the motion is without merit, and should be overruled. We know of no provision of law or rule of the supreme court which requires the transcript to contain a copy of the mandate as a prerequisite to the right to appeal or to perfect the same. The statutes indicate what shall be the proceedings in the court below upon the receipt of the mandate, and if it had not in fact been received before the trial below in this case, then we think that either party might have perhaps objected to the trial being had in the absence of the mandate. But this was not done."

There is no intimation in the opinion that a second trial occurring before the return of the mandate is to be regarded as a nullity. On the contrary it is suggested that the defect,—the lack of a mandate before the second trial of the case was commenced—is one which should be raised in the trial court.

 It is recognized that prior to the issuance of a mandate the appellate court retains a species of jurisdiction of a case

2. Rules 442 to 445 inclusive relate to the issuance of the mandate by the Court of Civil Appeals and read as follows:

"Rule 442. If no writ of error is sued out, the clerk shall issue the mandate after the expiration of thirty days after the decision of the Court of Civil Appeals has been entered therein or the motion for rehearing overruled, under the terms of Rule 443. The mandate may issue at an earlier date by agreement of the parties. Every mandate issued from the Court of Civil Appeals or Supreme Court shall contain the file number of the case in the trial court."

"Rule 443. On the rendition of a final judgment or decree in the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court nor certify the proceedings to the lower court until all costs accruing in the case in such appellate court have been paid, subject to the provisions of Rule 444."

"Rule 444. If the party against whom the the costs are adjudged shall make af-

fidavit of his inability to pay the same or give security therefor, he may apply to the Court of Civil Appeals in which the case is pending for an order to require the clerk to issue the mandate or to certify the proceedings as the case may be; which motion shall be governed by the provisions of Rule 355."

"Rule 445. In cases which have been reversed and remanded by a Court of Civil Appeals, if no mandate shall have been taken out and filed in the court where the cause originated within one year after the motion for rehearing is overruled or final judgment rendered, then upon the filing in the court below of a certificate of the clerk of the Court of Civil Appeals where the cause was pending that no mandate has been taken out, the case shall be dismissed from the docket."

3. Of course, there is also the obvious purpose of securing the payment of appellate court costs. See Rule No. 443.

although it has rendered its judgment and overruled a motion for rehearing and that a writ of prohibition may issue to the trial court forbidding it to proceed to trial before the appellate court has issued its mandate. Article 1823; Dixie Gas & Fuel Co. v. Jacobs, Tex.Civ.App., 66 S.W.2d 446, wr. dis. We think the proper procedure was indicated in Warren v. Fredericks. In order to properly preserve the complaint of procedural irregularity in proceeding to trial before the return of the mandate, it is necessary that proper objection be made in the trial court, or that application for prohibition be made to the Court of Civil Appeals. It is only when there is an actual interference with the appellate court's active power and authority over the case by a trial court order that the same can be considered void so as to constitute a fundamental error. Cleveland v. Ward, 116 Tex. 1, 285 S.W. 1063.

We hold that the judgment of the trial court rendered in this case was not a void judgment and that the Court of Civil Appeals was authorized to review the same upon appellant Street's points of error.

James G. Street has also filed an application for writ of error herein, conditioned upon the granting of the application of Continental Casualty Company. In this application various holdings made by the Court of Civil Appeals in its opinion of April 6, 1962, are attacked. Inasmuch as the opinion of that date has been withdrawn by the Court of Civil Appeals it no longer possesses any binding effect. Park v. Essa Texas Corporation, 158 Tex. 269, 311 S.W. 2d 228. As this cause belongs to a class over which the Court of Civil Appeals ordinarily has final jurisdiction under Article 1821, we think the proper order to be entered is one remanding this cause to said court for further proceedings.

The judgment of the Court of Civil Appeals dismissing the appeal filed in that Court is reversed and this cause is remanded to that Court for a determination of the appeal of John G. Street.