**RANGER INSURANCE COMPANY, Appellant,**

v.

**James Lewis ROBERTSON, et al., Appellees.**

No. 13764.

Court of Appeals of Texas, Austin.

Oct. 31, 1984.

Rehearing Denied Dec. 5, 1984.

C.C. Small, Jr., Small, Craig & Werkenthin, Austin, for appellant.

Mike Davis, Byrd, Davis & Eisenberg, Austin, for appellees.

Before SHANNON, POWERS and BRADY, JJ.

SHANNON, Justice.

This appeal stems from a crash of a Piper aircraft near Graford on December 5, 1974. At the time of the crash Byron McKnight was the pilot of the plane and his wife, Amelda Ann McKnight, was a passenger. The flight in question originated in Hobbs, New Mexico and was to terminate in Dallas. Both the pilot and the passenger perished in the crash.

James Lewis Robertson, as executor of Amelda Ann McKnight's estate, sued Byron McKnight's estate for wrongful death in the district court of Travis County, cause number 255,130. On June 2, 1978, the district court ruled by summary judgment that the Texas doctrine of interspousal tort immunity barred the suit. The Court of Civil Appeals at Tyler affirmed the summary judgment. *Robertson v. Estate of McKnight*, 591 S.W.2d 639 (Tex.Civ.App. 1979, writ granted).

On November 12, 1980, the Supreme Court of Texas rendered judgment reversing the judgments of the district court and the Court of Civil Appeals, holding that the law of New Mexico concerning interspousal tort immunity should be applied. The Supreme Court ordered the cause remanded to the district court "to proceed to trial on

the merits in conformity with this opinion." *Robertson v. Estate of McKnight*, 609 S.W.2d 534, 537 (Tex.1980).

The estate of Byron McKnight then filed its motion for rehearing. The Supreme Court overruled the estate's motion for rehearing *on January 14, 1981*, and issued its mandate in the cause on January 16, 1981.

After the Supreme Court had delivered its opinion in cause no. 255,130, but about one month before the Supreme Court acted on the motion for rehearing, counsel for both estates, without knowledge of counsel for the liability insurance company, announced to the district court that they had settled all claims asserted in cause no. 255,-130.[1] Accordingly, *on December 11, 1980*, the district court signed a consent judgment in cause no. 255,130 approving the settlement agreement of the parties and ordering that the estate of Amelda McKnight recover $275,000.00 from the estate of Byron McKnight.

Thereafter, Robertson, executor and personal representative of the estate of Amelda Ann McKnight, and Brady, administrator and personal representative of the estate of Byron McKnight, sued the liability carrier of the estate of Byron McKnight, Ranger Insurance Company, in the district court of Travis County to enforce the consent judgment rendered on December 11, 1980. In a separate cause, Ranger filed a suit seeking a declaratory judgment that it was not obligated to pay the consent judgment. The district court consolidated the two suits.

Ranger insisted in the consolidated suit, among other things, that the consent judgment rendered on December 11, 1980, was void because that judgment was rendered at a time when the motion for rehearing was still pending in the Supreme Court. Nevertheless, after trial to the court, the district court rendered judgment that appellees recover $275,000.00 from the insur-

---

**1.** The executor of the estate of Amelda Ann McKnight was represented by personal counsel as well as by counsel for the liability insurance company.

ance company. Ranger then perfected its appeal from that judgment to this Court.

The insurance company has carried forward on appeal its argument that the consent judgment was void because it was rendered at a time when the cause was still pending on motion for rehearing in the Supreme Court. If indeed the consent judgment is void, it follows that the judgment here under consideration is also void.

■ A consent judgment has the same degree of finality and binding force as does one rendered by the court at the conclusion of an adversary proceeding. *Pollard v. Steffens*, 161 Tex. 594, 343 S.W.2d 234 (1961); *Wagner v. Warnasch*, 156 Tex. 334, 295 S.W.2d 890 (1956); *Ranger Ins. Co. v. Rogers*, 530 S.W.2d 162 (Tex.Civ.App.1975, writ ref'd n.r.e.).

■ Appellees argue that Ranger's assault on the consent judgment constitutes an impermissible collateral attack. A collateral attack is an attempt to avoid the force of a judgment in a proceeding brought for some other purpose. A direct attack on a judgment, on the other hand, is an effort to change that judgment in a proceeding prosecuted for that specific purpose. *Crawford v. McDonald*, 88 Tex. 626, 33 S.W. 325 (1895); *Ranger Ins. Co. v. Rogers, supra.* The grounds which may be successfully urged in a collateral attack are that the court rendering the judgment has: (1) no jurisdiction of the person of a party or his property, (2) no jurisdiction of the subject matter of the suit, (3) no jurisdiction to render the particular judgment rendered, or (4) no capacity to act as a court. *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex.1973); *Ranger Ins. Co. v. Rogers, supra;* Hodges, *Collateral Attacks on Judgments*, 41 Texas L.Rev. 163, 164 (1962).

Ranger maintains that the district court was without jurisdiction to render the consent judgment because on the date of its rendition the cause was still pending in the Supreme Court of Texas on motion for rehearing. Although not articulated, Ranger's collateral attack is necessarily premised upon the ground that the district court had no jurisdiction of the subject matter of the suit. "A lack of jurisdiction of the subject matter may exist for various reasons other than the allocation between levels of trial courts. For example, when the cause has been removed to an appellate court by the perfection of an appeal, the trial court loses the power to deal with it." Hodges, *id.* at 513. This Court concludes that the consent judgment is one subject to collateral attack.

■ It is established law that once an appeal has been perfected, the appellate court acquires exclusive plenary jurisdiction over the cause. *Carrillo v. State*, 480 S.W.2d 612, 616 (Tex.1972); *Ammex Warehouse Co. v. Archer*, 381 S.W.2d 478 (Tex. 1964). When an application for writ of error is filed, the Supreme Court acquires exclusive jurisdiction of the cause. *Davis v. Huey*, 571 S.W.2d 859, 863 (Tex.1978); *Johnson v. Sovereign Camp, W.O.W.*, 125 Tex. 329, 83 S.W.2d 605, 608 (1935).

Appellees rely upon *Continental Casualty Company v. Street*, 364 S.W.2d 184 (Tex.1963), in support of their argument that the consent judgment was valid and not void. *Continental*, however, is not authority for appellee's thesis.

In *Continental* the Second Court of Civil Appeals, in October 1960, reversed the judgment of the district court and remanded the cause for new trial; however, the Court of Civil Appeals did not issue its mandate until August, 1961. Before the appellate court's mandate issued, the district court retried the cause and rendered judgment. The Court of Civil Appeals dismissed the appeal of the judgment, holding that the judgment rendered before the return of the August 1961 mandate was void:

> ... it is made apparent that it was only on and after the date of August 11, 1961, that the trial court was reinvested with jurisdiction to try or otherwise effectively act in the case, authority in said respect being controlled by the fact of the delivery thereto of the mandate of this court. 358 S.W.2d 746 at 747.

The Supreme Court, in reversing the judgment of the Court of Civil Appeals, focused upon the issue of whether the Rules of Civil Procedure dealing with the issuance of mandates by the Courts of Civil Appeals were jurisdictional. The Supreme Court concluded that such rules were primarily procedural in nature and not jurisdictional. Accordingly, the Court held the judgment not void merely because the Court of Civil Appeals' mandate had not issued before rendition of the judgment.

*Continental* may be distinguished from the instant appeal because in that case the cause was not pending on motion for rehearing in the Court of Civil Appeals when the district court proceeded to trial and rendered judgment. Nevertheless, even under the reasoning in *Continental* this Court is satisfied that the district court's rendition of the consent judgment in the cause when the matter was pending before the Supreme Court on motion for rehearing was "an actual interference with the appellate court's active power and authority over a case by the trial court." *Continental Casualty Company v. Street, supra,* at 188. Until the motion for rehearing was overruled, the Supreme Court had the authority to determine whether or not the judgment appealed from was correct. By rendering a new and different judgment, the district court "actually interfered" with the jurisdiction of the Supreme Court.

In the present appeal, the judgment of the Supreme Court was not final on December 11, 1980 because the motion for rehearing was still pending. Tex.R.Civ.P. 506 (repealed, effective April 1, 1984.) *See* Tex.R.Civ.P.Ann. 507 and 510 (Supp.1984). Until the Supreme Court overruled the motion for rehearing on January 14, 1981, the Supreme Court could have withdrawn its opinion and judgment, or could have modified the opinion and judgment in any one of a number of respects. During the pendency of a motion for rehearing the Court, on occasion, does withdraw its opinion and judgment, and hands down a different opinion and judgment.[2]

Because the cause was still pending before the Supreme Court on motion for rehearing, rendition of the consent judgment violates, as well, Tex.R.Civ.P.Ann. 301 (1977) providing that no more than one final judgment may be rendered in a cause and Tex.R.Civ.P.Ann. 329b(f) (Supp.1984) providing that upon expiration of the time within which the trial court has plenary power, the trial court cannot set aside a judgment except upon bill of review.

Because the district court was without jurisdiction to render the consent judgment, that judgment is void. Because the judgment in the present appeal is predicated upon the void consent judgment, it, too, is void.

Accordingly, the judgment on appeal is set aside and the appeal is dismissed. *Fulton v. Finch,* 162 Tex. 351, 346 S.W.2d 823 (1961).

---

2. In fact, in *Robertson v. McKnight,* the Supreme Court had initially refused Robertson's application for writ of error with the notation "no reversible error", but on motion for rehearing the Court granted the application for writ of error and then delivered its opinion and rendered judgment reversing the judgments of the district court and the Court of Civil Appeals.