James Lewis ROBERTSON et al.

v.

RANGER INSURANCE COMPANY.

No. C–3774.

Supreme Court of Texas.

May 1, 1985.

Byrd, Davis and Eisenbert, Tom H. Davis and Mike Davis, James Brady, Austin, for petitioners.

Small, Craig and Werkenthin, C.C. Small, Jr., Austin, for respondent.

PER CURIAM.

Amelda Ann McKnight was a passenger in an airplane flown by Byron McKnight, her husband, when the plane crashed in 1974. Both were killed. Thereafter, Robertson, as executor of Amelda Ann's estate, sued the estate of Byron McKnight for wrongful death in the Travis County District Court. Judgment was rendered in that suit, and ultimately appealed to this court. This court dealt with an interspousal immunity question and remanded the cause for a trial on the merits on the basis that New Mexico law on interspousal immunity should be applied. 609 S.W.2d 534.

A motion for rehearing was then filed by McKnight's estate. Before the motion was acted on by this court, the parties settled their claims without notice to Ranger Insurance Company. The district court rendered a consent judgment against the husband's estate based on the settlement agreement. Over one month later this court overruled the motion for rehearing.

The representatives of both estates thereafter sued Ranger Insurance Company, the liability carrier of Byron McKnight's estate, seeking to enforce the consent judgment. Ranger filed a declaratory judgment suit seeking to avoid liability under the consent judgment by claiming that it was void and by raising certain policy defenses. The two cases were consolidated by the district court.

The trial court rendered judgment against Ranger for the amount of the consent judgment and filed findings of fact and conclusions of law which established Ranger's liability under the insurance contract. The court of appeals vacated the trial court's judgment and dismissed the appeal, holding that the judgment was based on the void consent judgment and was void. 680 S.W.2d 618.

■ The court of appeals correctly found that the consent judgment was rendered at a time when this court had exclusive plenary jurisdiction over the case. See *Davis v. Huey*, 571 S.W.2d 859 (Tex.1978); *Carrillo v. State*, 480 S.W.2d 612 (Tex.1972); *Amex Warehouse Company v. Archer*, 381 S.W.2d 478 (Tex.1964). The trial court had no power to change or modify its judgment once an appeal had been taken therefrom. *Carrillo*, 480 S.W.2d at 616.

■ The consent judgment of the trial court is void since that court, as shown by the record, had no jurisdiction to render the judgment. *Austin Independent School District v. Sierra Club*, 495 S.W.2d 878 (Tex.1973). In this case, Ranger, not a party to that suit, may collaterally attack the consent judgment. See *Kirby Lumber Corp. v. Southern Lumber Co.*, 145 Tex. 151, 196 S.W.2d 387 (1946); *State Mortgage Corporation v. Traylor*, 120 Tex. 148, 36 S.W.2d 440 (1931). The plaintiffs in this case pleaded only for enforcement of the consent judgment. Since the relief they requested is based upon a void judgment, the portion of the trial court's judgment which awards them that relief is also void.

The court of appeals correctly dismissed the appeal as to that portion of the judgment.

 Ranger, however, also had a declaratory judgment suit pending before the court. Ranger sought a declaration that it was not liable under its insurance contract with Byron McKnight. The trial court filed a conclusion of law that coverage for liability existed under the policy. While the trial court's judgment did not deal specifically with these issues, by implication, the rendition of judgment against Ranger for the amount of the consent judgment constituted a rendition of judgment against Ranger in its declaratory judgment suit. *Vance v. Wilson*, 382 S.W.2d 107 (Tex.1964). The court of appeals should have considered those issues, and its failure to do so conflicts with *Vance*, 382 S.W.2d 107, and Tex. R.Civ.P. 451.

We therefore grant petitioners' applications and, without hearing oral argument, affirm the court of appeals' dismissal of the portion of the appeal based on the void consent decree and reverse the judgment of the court of appeals as to its dismissal of the remainder of the cause. Tex.R.Civ.P. 483. Accordingly, we remand to the court of appeals for consideration of the other points of error presented. *See Simon v. L.D. Brinkman and Company*, 459 S.W.2d 190 (Tex.1970).