John **BRAZZEL**, Petitioner,

v.

Sid **MURRAY** et al., Respondents.

No. B–3103.

Supreme Court of Texas.

April 12, 1972.

Rehearing Denied June 7, 1972.

William Emerson Wright, Houston, for petitioner.

Wood, Burney, Nesbitt & Ryan, Allen Wood, Corpus Christi, for respondents.

McGEE, Justice.

This case involves the effect of the erroneous issuance of a mandate by the Clerk of the Court of Civil Appeals, the costs of court having not been paid at the time and subsequent dismissal of the cause purportedly under Rule 445, Texas Rules of Civil Procedure (T.R.C.P.).

The original suit was filed by John Brazzel on January 4, 1964, against Sid Murray and others. The trial court rendered judgment upon the jury verdict for Brazzel on July 28, 1967. The Court of Civil Appeals (Waco Court) reversed the trial court judgment and remanded the cause for new trial with costs assessed against Brazzel on February 6, 1969. 438 S.W.2d 382. Judgment became final November 26, 1969 when Brazzel's application for writ of error was overruled by this Court.

The Clerk of the Waco Court issued the mandate to the trial court on December 4, 1969, although Brazzel had failed to pay the costs at that time as ordered by the judgment of the Waco Court and as required by Rule 443, T.R.C.P., which provides:

"On the rendition of a final judgment or decree in the Court of Civil Appeals, the clerk of said court shall not issue and deliver the mandate of the court nor certify the proceedings to the lower court until all costs accruing in the case in such appellate court have been paid, subject to the provisions of Rule 444."

Rule 444, T.R.C.P., provides for the filing of affidavits of inability to pay the costs as required in Rule 443, T.R.C.P.

Murray subsequently filed a motion in the Waco Court to recall the mandate because of the non-payment of the costs. This motion was granted, and the mandate was recalled on January 22, 1971, and returned to the Waco Court, whereupon the Clerk issued a certificate on February 18, 1971, which stated: "Except for the Mandate of this Court issued December 4, 1969, no mandate in the above has been taken out."

Murray filed a motion to dismiss the cause in the trial court on February 17, 1971. On March 4, 1971 the trial court entered its order of dismissal relying upon Rule 445, T.R.C.P., which provides as follows:

"In cases which have been reversed and remanded by a Court of Civil Appeals, *if no mandate shall have been taken out* and filed in the court where the cause originated within one year after the motion for rehearing is overruled or final judgment rendered, *then upon the filing in the court below of a certificate* of the clerk of the Court of Civil Appeals where the cause was pending *that no mandate has been taken out,* the case shall be dismissed from the docket." [Emphasis added]

On appeal from the order of dismissal, the Court of Civil Appeals (Corpus Christi Court) held that the original mandate, having been mistakenly issued by the Waco Court, was void *ab initio* and the wording of the Clerk's certificate need not state that "no mandate has been taken out" within one year of final judgment and affirmed the judgment of the trial court. 472 S.W.2d 814. With these holdings we disagree.

Petitioner's application for writ of error was granted on the following points:

"1. The Court of Civil Appeals erred in holding, that the mandate, 'having been mistakenly issued,' was void *ab initio.*

"2. The Court of Civil Appeals erred in affirming dismissal under Rule 445, T.R.C.P., as a valid mandate was on file with the trial court from final remand until dismissal.

"3. The Court of Civil Appeals erred in affirming dismissal in the absence of compliance with the requirements of Rule 445, T.R.C.P., that the Clerk certify

that 'no mandate has been taken out' within one year of final judgment."

Points one and two will be treated together and are considered controlling; thus, point three is not discussed.

■ The distinction between a *void* and *voidable* judicial act is clearly set out in Murchison v. White, 54 Tex. 78 (1880) as follows:

"A void act is one entirely null within itself, not binding on either party, and which is not susceptible of ratification or confirmation. Its nullity cannot be waived.

"A voidable act is one which is not absolutely void within itself, but which is binding until disaffirmed, and which may be made finally valid by failure within the proper time to have it annulled, or by subsequent ratification or confirmation."

In *Murchison,* the Court found the judgment fraudulently obtained in the probate proceedings to be voidable, not void, holding the judgment of a court having jurisdiction, if so irregularly or erroneously rendered as to make it liable to be vacated by a direct proceeding for this purpose, or to be reversed on appeal or writ of error, is nevertheless valid until thus vacated or reversed. Other early Texas cases which uphold this distinction stated in *Murchison* are Wheeler v. Ahrenbeak, 54 Tex. 535 (1881); Cummings v. Powell, 8 Tex. 80 (1852); Burditt v. Howth, 45 Tex. 466 (1876); Fitch v. Boyer, 51 Tex. 336 at 344 (1879); Simmons v. Arnim, 110 Tex. 309, 220 S.W. 66 (1920).

In similar situations in which a collateral attack is brought against a judgment, the judgment has been held to be voidable and not void. Moore v. Hanscom, 101 Tex. 293, 108 S.W. 150 (1908); White v. White, 142 Tex. 499, 179 S.W.2d 503 (1944). In Ex Parte Coffee, 160 Tex. 224, 328 S.W.2d 283 (1959), this Court held that judgments which are rendered without observance of statutory requirements which are purely procedural are not void, however irregular or erroneous they may be.

■ The Texas Rules of Civil Procedure dealing with the issuance and return of the mandate subsequent to judgment of remand in the Court of Civil Appeals are procedural and not necessary to the jurisdiction of the trial court. Continental Casualty Company v. Street, 364 S.W.2d 184 (Tex.1963). In *Continental,* the case had been retried and judgment entered before the mandate was taken out. This second judgment of the trial court upon remand was held not to be a void judgment.

■ From December 4, 1969, the date of the original mandate, until February 12, 1971, the date the original mandate was recalled, a mandate was on file with the trial court in this cause. It was an unauthorized mandate, but was valid until recalled. In any event, Petitioner still had an additional year to pay the costs and obtain the issuance of a mandate after the date of recall of the mandate. At no time has there been a period of twelve months in which no mandate has been filed with the trial court, as required by Rule 445, T.R.C.P., as a basis for dismissal.

■ The Corpus Court erred in holding that the mandate was void *ab initio.* Until the mandate was recalled by the Waco Court which had issued it erroneously before collection of appellate costs, the mandate was a lawful order of the Court upon which all parties could rely. Murchison v. White, supra.

The judgments of the courts below are reversed and the cause remanded to the trial court for new trial.