ACCEPTED
03-14-00721-CV
5207863
THIRD COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 11:05:46 AM
JEFFREY D. KYLE
CLERK

**Case No. 03-14-00721-CV**

**IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS**

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
5/8/2015 11:05:46 AM
JEFFREY D. KYLE
Clerk

**RAUL MARTINEZ,**

*Appellant,*

**vs.**

**DEUTSCHE BANK NATIONAL TRUST COMPANY AS TRUSTEE FOR AMERIQUEST MORTGAGE SECURITIES, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES SERIES 2003-6; HOMEWARD RESIDENTIAL, INC. AND JUANITA STRICKLAND,**

*Appellees.*

**Appealed from the 201st Judicial District Court of
Travis County, Texas
Cause No. D-1-GN-13-001195**

**APPELLEES' BRIEF**

**Jeremy J. Overbey**
**Texas Bar No. 24046570**
*joverbey@settlepou.com*
**Bradley E. McLain**
**Texas Bar No. 24041453**
*bmclain@settlepou.com*

**SETTLEPOU**
**3333 Lee Parkway, Eighth Floor**
**Dallas, Texas 75219**
**(214) 520-3300**
**(214) 526-4145 (Facsimile)**

**ATTORNEYS FOR APPELLEES**

**Oral Argument Requested**

# Table of Contents

Table of Contents ............................................................................................ i

Table of Authorities ........................................................................................ ii

Statement on Oral Argument ......................................................................... iv

Issue Presented ................................................................................................v

Statement of Facts ...........................................................................................1

Summary of the Argument ...............................................................................6

Argument ..........................................................................................................8

    I.     Standard of review ............................................................................8

    II.    Mr. Martinez has failed to challenge all the grounds on which summary judgment was granted ........................................................9

    III.   Mr. Martinez failed to raise a fact issue on whether Ameriquest was licensed to originate Texas home equity loans. ......................... 12

        A.    Mr. Martinez failed to respond to the no-evidence motion for summary judgment. ......................................................... 13

        B.    Mr. Martinez failed to present more than a scintilla of evidence on his claims. ........................................................ 13

        C.    The summary judgment evidence shows Ameriquest was licensed to originate Mr. Martinez's home equity loan at the location in the Deed of Trust. ........................................... 16

    IV.   Even if the Court finds there is a fact issue on whether Ameriquest was a licensed lender, Mr. Martinez's claims are barred by the statute of limitations. ................................................. 18

Prayer ............................................................................................................ 24

Certificate of Compliance ............................................................................. 26

Certificate of Service .................................................................................... 26

# Table of Authorities

**Cases**

*Boerjan v. Rodriguez*,
   436 S.W.3d 307 (Tex. 2014) ........................................................................9

*Brazzel v. Murray*,
   481 S.W.2d 801 (Tex. 1972) ......................................................................23

*Collier v. Valley Building & Loan Ass'n*,
   62 S.W.2d 82 (Tex. Comm'n App. 1933, holding approved) .......................21

*Doody v. Ameriquest Mortgage Co.*,
   49 S.W.3d 342 (Tex. 2001) .................................................................. 21, 22

*Fix v. Flagstar Bank, FSB*,
   242 S.W.3d 147 (Tex. App.—Fort Worth 2007, pet. denied) ......................22

*Ford Motor Co. v. Ridgway*,
   135 S.W.3d 598 (Tex. 2004) ................................................................ 13, 15

*In re Estate of Hardesty*,
   449 S.W.3d 895 (Tex. App.—Texarkana 2014, no pet.) ................. 19, 20, 22

*John Gannon, Inc. v. Gunnarson Outdoor Adver., Inc.*,
   No. 03-08-00404-CV, 2010 WL 3192536, (Tex. App.—Austin
   Aug. 11, 2010, pet. denied) (mem. op.).......................................................11

*Merriman v. XTO Energy, Inc.*,
   407 S.W.3d 244 (Tex. 2013) ................................................. 8, 9, 10, 11, 13

*Murphy v. Campbell*,
   964 S.W.2d 265 (Tex. 1997) ......................................................................19

*Pure Oil Co. v. Ross*,
   111 S.W.2d 1076 (Tex. 1938) ....................................................................23

*Puricelli v. Saxon Mortg. Serv., Inc.*,
   No. 05-13-00207-CV, 2014 WL 3735284 (Tex. App.—Dallas
   July 28, 2014, pet. denied) (mem. op.).......................................................11

ii

*Roventini v. Ocular Sciences, Inc.*,
111 S.W.3d 719 (Tex. App.—Houston [1st Dist.] 2003, no pet.)...................9

*Santiago v. Novastar*,
443 S.W.3d 462 (Tex. App.—Dallas 2014, pet. denied) ........................ 19, 20

*Schanzle v. JPMC Specialty Mortgage LLC*,
No. 03-09-00639-CV, 2011 WL 832170 (Tex. App.—Austin
March 11, 2011, no pet.) (mem. op.)...........................................................20

*Slaughter v. Qualls*,
162 S.W.2d 671 (Tex. 1942) .......................................................................23

*Smith v. Thornhill*,
25 S.W.2d 597  (Tex. Comm'n App. 1926)..................................................23

*Williams v. Wachovia Mortgage Corp.*,
407 S.W.3d 391 (Tex. App.—Dallas 2013, pet. denied) ........................ 19, 22

*Wood v. HSBC Bank USA, N.A.*,
439 S.W.3d 585 (Tex. App.—Houston [14th Dist.] 2014, pet.
filed)....................................................................................... 19, 20, 22, 23

**Constitutional Provisions**

Tex. Const., Art. XVI § 50(a)(6) .................................................................21
Tex. Const., Art. XVI § 50(a)(6)(Q)(x) ......................................................... 21, 22
Tex. Const., Art. XVI § 50(c) .......................................................................21

**Statutes**

Tex. Civ. Prac. & Rem. Code. § 16.051 ..................................................................19
Tex. Fin. Code. § 342.051...........................................................................16
Tex. Fin. Code. § 342.052(b)……….……………………………………………...17
Tex. Fin. Code. § 342.101..........................................................................17
Tex. Fin. Code. § 342.151………………………………………………………...17

## Statement on Oral Argument

Appellees do not believe oral argument is necessary in this case as the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Specifically, Appellant failed to challenge every ground on which the Trial Court's judgment may be affirmed, and Appellant failed to file a response to Appellees' traditional and no-evidence motions for summary judgment. Thus, the appeal can be decided based solely on the briefs of the parties and the record on appeal.

Although Appellees do not believe oral argument is necessary, Appellees have requested oral argument in order to preserve their right to appear at oral argument in the event the Court decides to set the appeal for oral argument.

## Issue Presented

Did the Trial Court correctly grant summary judgment for Deutsche Bank and Homeward and deny summary judgment for Mr. Martinez on his claims challenging the validity and enforcement of a home equity lien on his property when:

- Mr. Martinez has failed to challenge all the grounds on which summary judgment was granted;

- Mr. Martinez failed to raise a fact issue on an alleged home equity lending violation; and

- Mr. Martinez's claims are barred by the statute of limitations because any alleged violation renders a home equity lien voidable, but not void?

## Statement of Facts

On or about December 13, 2002, Raul Martinez obtained a home equity loan ("Loan") from Ameriquest Mortgage Company ("Ameriquest"). CR 91 at ¶6, 97-100. As part of the Loan, Mr. Martinez executed a Texas Home Equity Note ("Note") in the amount of $142,000.00 originally payable to Ameriquest. CR 91 at ¶ 6, 97-100. Mr. Martinez also executed a Texas Home Equity Security Instrument ("Deed of Trust") to secure repayment of the Note. CR 91 at ¶ 7, 101-18. The Deed of Trust was recorded in the official public records of Travis County as Document Number 2002249400, creating a valid lien on certain real property located at 6550 Fair Valley Trail, Austin, Texas 78749 ("Property"). *Id*. The Loan was not a purchase money loan to pay for the purchase of the Property, but rather was a refinance of former loans. CR 91 at ¶ 9, 119-126. At the time of the origination of the Loan, Ameriquest held a valid Regulated Lender's License and was authorized to originate the Loan. CR 91 at ¶ 10, 127.

The Loan was subsequently transferred to Deutsche Bank National Trust Company, as Trustee for Ameriquest Mortgage Securities Inc., Asset-Backed Pass-Through Certificates, Series 2003-6 ("Deutsche Bank"), as evidenced by the Assignment of Note and Transfer of Liens ("2007 Assignment") and the Assignment of Deed of Trust ("2011 Assignment") recorded in the official public records of Travis County as Document Numbers 2007031175 and 2011104476,

1

which memorialize the transfer of the Loan and then further clarify the correct name of the trust. CR 92 at ¶ 11, 128-31. Deutsche Bank has had possession of the original wet-ink Note indorsed in blank by Ameriquest at all times since the transfer of the Loan from Ameriquest. Deutsche Bank is thus the owner, holder, and Lender of the Note and Deed of Trust. CR 92 at ¶ 12.

Ameriquest was the original servicer under a pooling and servicing agreement. CR 92 at ¶ 13. Servicing rights were subsequently transferred from Ameriquest to AMC Mortgage Services, Inc. as of March 31, 2005. CR 92 at ¶ 13, 132-33. While AMC Mortgage Services, Inc. was servicing the Loan, Mr. Martinez entered into two Forbearance Agreements, one in March 2006 and the other in June 2006. CR 92 at ¶ 14, 134-40. In both Forbearance Agreements, Mr. Martinez acknowledged the validity and effectiveness of the Loan and released all claims relating to the Loan. CR 92 at ¶ 14, 135, 138-39.

Servicing rights were next transferred from AMC Mortgage Services, Inc. to Citi Residential Lending, Inc. as of October 1, 2007. CR 93 at ¶ 15, 141-42. While Citi Residential Lending, Inc. was servicing the Loan, Mr. Martinez entered into a third Forbearance Agreement dated August 29, 2008. CR 93 at ¶ 16, 143-45. Like with the first two Forbearance Agreements, Mr. Martinez again acknowledged the validity and effectiveness of the Loan and released all claims relating to the Loan. CR 93 at ¶ 16, 144-45. Mr. Martinez subsequently defaulted

2

under the terms of the Loan and the third Forbearance Agreement, and on November 6, 2008, Citi Residential Lending, Inc. served Mr. Martinez with a Notice of Intention to Foreclose by certified mail at Mr. Martinez's last known addresses ("Foreclosure Notice"). CR 93 at ¶ 17, 146-48. The Foreclosure Notice gave him until December 10, 2008 to reinstate the Loan or the Loan would be immediately due and payable. CR 93 at ¶ 17, 147-48.

The servicing rights were transferred again from Citi Residential Lending, Inc. to American Home Mortgage Servicing, Inc. n/k/a Homeward Residential, Inc. ("Homeward") as of February 11, 2009. CR 93 ¶ 18, 149-50. Mr. Martinez did not pay the required amount to reinstate the Loan as specified in the Foreclosure Notice and continued to fail to reinstate the Loan. CR 93 at ¶ 19. As a result, on August 1, 2011, Homeward served Mr. Martinez with a Notice of Acceleration via certified mail at Mr. Martinez's last known addresses through its foreclosure counsel. CR 93 at ¶ 19, 151-56. Homeward subsequently obtained an Order to Proceed with Notice of Foreclosure Sale and Foreclosure Sale in Cause No. D-1-GN-11-1002857 on January 4, 2012. CR 94 at ¶ 20, 157-58. The 419th Judicial District Court of Travis County found that all the requisite notices to accelerate the Loan had been given and authorized a non-judicial foreclosure to proceed. CR 157.

On March 23, 2012, Deutsche Bank, through Homeward as its servicer in fact, executed the Removal of Trustee and Appointment of Substitute Trustee, appointing Juanita Strickland or Janie Mucha as Substitute Trustees. CR 94 at ¶ 21, 159-60. Under the terms of the Deed of Trust, a Substitute Trustee may be appointed without the necessity of any formality other than the designation in writing. CR 115 at ¶ 28. Homeward's authority to appoint the Substitute Trustees is further demonstrated by the applicable Limited Power of Attorney. CR 94 at ¶ 23, 161-72.

On October 15, 2012, Homeward served Mr. Martinez with a Notice of Prior Acceleration of Texas Non-Recourse Home Equity Loan and Enclosing Notice of Substitute Trustee's Sale via certified mail to Mr. Martinez's last known addresses. CR 94 at ¶ 24, 173-82. The Notice advised Mr. Martinez of the November 6, 2012 foreclosure date and further identified Juanita Strickland and Janie Mucha as the appointed Substitute Trustees. CR 175. Also on October 15, 2012, copies of the Notice of Substitute Trustee's Sale were filed with the County Clerk and also recorded with the County Clerk in the real property records of Travis County. CR 95 at ¶ 25, 183-85. Both of the Notices clearly identified Juanita Strickland and Janie Mucha as the appointed Substitute Trustees. CR 183-85. On November 6, 2012, the Property was sold to Deutsche Bank by Substitute Trustee's Deed. CR 95 at ¶ 26, 186-90. The Substitute Trustee's Deed was recorded on November 13,

4

2012 in the real property records of Travis County, and the Removal of Trustee and Appointment of Substitute Trustee was recorded on the same date. CR 95 at ¶ 26, 159-60, 186-90.

On March 11, 2013, servicing rights to the Loan and Property were transferred to Ocwen Loan Servicing, LLC ("Ocwen"). CR 95 at ¶ 27. This servicing transfer was noticed by the Notice of Servicing Transfer (RESPA) dated February 22, 2013. CR 191-95. Ocwen is the current servicer of the Loan under the pooling and servicing agreement. CR 95 at ¶ 27, 191-95.

More than 10 years after obtaining the Loan from Ameriquest, Mr. Martinez brought suit against Deutsche Bank and Homeward challenging the validity and enforceability of the home equity lien on the Property. CR 3-15.

## Summary of the Argument

Despite obtaining the proceeds of a home equity loan in December 2002 and subsequently entering into 3 separate forbearance agreements affirming the validity the loan, Mr. Martinez waited until April 2013 to challenge the validity of the home equity lien on his Property. Mr. Martinez contends that the lien is void because the lender who originated the loan was not a licensed regulated lender in the state of Texas, which is a constitutional requirement for originating a home equity loan. Consequently, Mr. Martinez now asserts the Trial Court erred in granting summary judgment in favor of Deutsche Bank and Homeward on the ground that his claims are barred by the residual four year statute of limitations.

The Trial Court's judgment should be affirmed for three reasons. First, the Trial Court's judgment does not specify the grounds upon which Deutsche Bank and Homewards motions were granted, but Mr. Martinez only challenges the statute of limitations ground. As such, Mr. Martinez fails to challenge all possible grounds upon which the Trial Court's judgment rests. Second, Mr. Martinez failed to meet his summary judgment burden before the Trial Court by neither filing a response to Deutsche Bank and Homeward's motions for summary judgment, nor raising a fact issue on the alleged home equity lending violation. Finally, any alleged home equity lending violation renders the lien on the Property voidable, not void, since the lender has the right to cure the violation. Thus, Mr. Martinez's

6

suit is barred by the residual four year statute of limitations since he did not file suit within four years of the closing of his home equity loan. Therefore, the Trial Court did not err in granting summary judgment in favor of Deutsche Bank and Homeward on all the grounds asserted in their no-evidence and traditional motions for summary judgment.

## Argument

### I.   Standard of review.

Mr. Martinez is appealing the Trial Court's Order granting Deutsche Bank and Homeward's traditional and no-evidence motion for summary judgment, and denying Mr. Martinez's motion for traditional and no-evidence partial summary judgment. CR 295-99. Deutsche Bank and Homeward filed a response to Mr. Martinez's motion, but Mr. Martinez did not file a response to Deutsche Bank and Homeward's motion. CR 253-62, 292. The Trial Court's order did not specify the grounds for granting summary judgment Deutsche Bank and Homeward. CR 292-93.

The granting of a motion for summary judgment is reviewed *de novo*. *Merriman v. XTO Energy, Inc.¸* 407 S.W.3d 244, 248 (Tex. 2013). When the trial court does not specify the grounds for its ruling, the appealing party must challenge all the grounds that support the judgment, and the summary judgment must be affirmed if any of the grounds on which judgment is sought are meritorious. *Id.* Moreover, when both parties move for summary judgment and the trial court grants one and denies the other, the appellate court reviews all the evidence presented, determines all issues, and renders the judgment the trial court should have entered. *Id.*

When a party moves for both traditional and no-evidence summary

8

judgment, as both parties did here, the no-evidence grounds are addressed first. *Id.* If the non-movant fails to produce legally sufficient evidence to meet its burden in response to the no-evidence motion, then there is no need to analyze whether the movant satisfied its burden under the traditional motion. *Id.* The burden is on the non-movant to produce competent evidence that raises a genuine issue of material fact as to each challenged element of its cause of action. *Id.* The trial court must grant the no-evidence motion for summary judgment unless the non-movant meets its burden. *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014). Similarly, no-evidence summary judgment may be granted by default when the respondent fails to respond so long as the movant's motion sufficiently identifies the elements of respondent's claim that lack evidence. *Roventini v. Ocular Sciences, Inc.*, 111 S.W.3d 719, 722-23 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

## II. Mr. Martinez has failed to challenge all the grounds on which summary judgment was granted.

Deutsche Bank and Homeward moved for both no-evidence and traditional summary judgment against Mr. Martinez's claims on multiple grounds. CR 64-65, 84-87. The Trial Court granted Deutsche Bank and Homewards motions for summary judgment in all respects without specifying the grounds for its ruling, and similarly denied Mr. Martinez's motions for partial summary judgment in all respects. CR 292-93. As such, the burden is on Mr. Martinez in this appeal to challenge all the grounds that support the Trial Court's judgment in favor of

9

Deutsche Bank and Homeward. *Merriman¸* 407 S.W.3d at 248.

Mr. Martinez, however, only challenges one ground on which the Trial Court's summary judgment rests. Specifically, Mr. Martinez argues that the Trial Court incorrectly granted summary judgment on the ground that Mr. Martinez's home equity claim is barred by the statute of limitations. Appellant's Brief at 11, 16. Mr. Martinez then asserts that the statute of limitations is not applicable because Deutsche Bank's home equity lien on the Property is void. Appellant's Brief at 16-22. Although Mr. Martinez claims that the home equity lien is void, he never specifies in his brief the factual or evidentiary basis for this contention. In his Statement of Facts, Mr. Martinez generally alleges that there is not a valid lien on the Property because Ameriquest—who originated his home equity loan—was not licensed to make home equity loans in Texas at the time the Deed of Trust was executed. Appellant's Brief at 12. But Mr. Martinez completely neglects to provide any citations to the evidentiary record to support these allegations. *Id.*

Deutsche Bank and Homeward moved for summary judgment on other grounds besides the statute of limitations ground. For example, Deutsche Bank and Homeward moved for no-evidence summary judgment on the grounds that Mr. Martinez had no evidence that (i) Mr. Martinez's Loan violated any provision of the Texas Constitution governing home equity loans, (ii) Ameriquest was not licensed to make home equity loans at the time the Loan was originated, and (iii)

Deutsche Bank is not the owner and holder of the Loan. CR 84-86. Similarly, Deutsche Bank and Homeward moved for traditional summary judgment on the grounds that (i) Ameriquest had a valid lending license at the time the Loan was originated and (ii) Deutsche Bank had standing to foreclose as the owner and holder of the Loan. CR 64-65.

Mr. Martinez fails to challenge any of these specific grounds—in addition to the other grounds raised in Deutsche Bank and Homeward's motion—as a basis for the Trial Court's summary judgment. Specifically, Mr. Martinez neither cites to evidence in the record which overcomes each of Deutsche Bank and Homeward's no-evidence grounds for summary judgment, nor cites to evidence in the record which raises a genuine issue of material fact on all the challenged elements of his causes of action. When an appellant fails to challenge a ground on which a trial court may have granted summary judgment—either properly or improperly, then the summary judgment must be affirmed. *Merriman v. XTO Energy, Inc.,* 407 S.W.3d 244, 248 (Tex. 2013); *Puricelli v. Saxon Mortg. Serv., Inc.*, No. 05-13-00207-CV, 2014 WL 3735284, *3-4 (Tex. App.—Dallas July 28, 2014, pet. denied) (mem. op.); *John Gannon, Inc. v. Gunnarson Outdoor Adver., Inc.,* No. 03-08-00404-CV, 2010 WL 3192536, *2 (Tex. App.—Austin Aug. 11, 2010, pet. denied) (mem. op.). Therefore, the Trial Court's summary judgment may be affirmed on any ground that Mr. Martinez has failed to challenge in this appeal,

11

including the grounds that (i) the Loan did not violate any provision of the Texas Constitution governing home equity loans, (ii) Ameriquest was licensed to make home equity loans at the time the Loan was originated, and (iii) Deutsche Bank had standing to foreclose as the owner and holder of the Loan.

## III. Mr. Martinez failed to raise a fact issue on whether Ameriquest was licensed to originate Texas home equity loans.

Mr. Martinez claims that the Trial Court erred in granting summary judgment for Deutsche Bank and Homeward because there is a fact issue on whether the statute of limitations bars Mr. Martinez's claims. Specifically, Mr. Martinez's argument turns on whether Ameriquest, and subsequently Deutsche Bank, had a valid home equity lien on the Property. Appellant's Brief at 12, 16, 17-18. Mr. Martinez, however, failed to present sufficient summary judgment evidence to raise a genuine issue of material fact on this issue. First, Mr. Martinez failed to respond to Deutsche Bank and Homeward's no evidence motion for summary judgment. Second, even if Mr. Martinez is deemed to have responded, the evidence offered by Mr. Martinez is not more than a scintilla of evidence in support of his claim. Finally, even if the evidence offered by Mr. Martinez meets the no-evidence summary judgment threshold, the summary judgment evidence offered by both parties shows that Ameriquest, and subsequently Deutsche Bank, had a valid home equity lien on the Property.

**A. Mr. Martinez failed to respond to the no-evidence motion for summary judgment.**

Deustsche Bank and Homeward's no-evidence motion for summary judgment sufficiently identified the elements of Mr. Martinez's claims for which there was no evidence. CR 84-87. Therefore, the burden shifted to Mr. Martinez to bring forth evidence on the challenged elements of his claims. *Merriman¸* 407 S.W.3d at 248. Rather than file a response to the no-evidence motion for summary judgment, Mr. Martinez filed his own motion for traditional and no-evidence partial summary judgment. CR 203-52. Thus, Mr. Martinez failed to file a response to Deutsche Bank and Homeward's no-evidence motion for summary judgment. Without a written response to the no-evidence motion on file, the Trial Court correctly granted summary judgment in favor of Deutsche Bank and Homeward on Mr. Martinez's claims.

**B. Mr. Martinez failed to present more than a scintilla of evidence on his claims.**

In the event the Court construes Mr. Martinez's motion for partial summary judgment as a response to Deutsche Bank and Homeward's no-evidence motion for summary judgment, Mr. Martinez still failed to meet his burden to present more than a scintilla of evidence in support of his claims. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004). Mr. Martinez's moved for summary judgment on the ground that Deutsche Bank and Homeward did not have authority

13

to foreclose on the Property because the assignment of the Note and Deed of Trust from Ameriquest to Deutsche Bank was invalid since Ameriquest was not a lender licensed to originate home equity loans in the state of Texas. CR 206-14. Specifically, Mr. Martinez claims that Ameriquest was not licensed because the address listed for Ameriquest in the Deed of Trust is a not location under which Ameriquest is licensed with the Texas Consumer Credit Commissioner as required by Texas Finance Code. CR 207-08. Ameriquest's address in the Deed of Trust is 1100 Town and Country Road, Suite 200, Orange, CA 92968. CR 230.

The only evidence offered in support of Mr. Martinez's claim is a Certified Statement of the Texas Consumer Credit Commissioner listing the license numbers and locations for which Ameriquest was licensed to originate Texas home equity loans as of October 2, 2013 ("2013 OCCC Statement). CR 207, 222-25. Mr. Martinez alleges Ameriquest's specific address in the Deed of Trust is not listed in the 2013 OCCC Statement. Therefore, Mr. Martinez claims his home equity loan is void, and as a result, Ameriquest's assignment of its interest in the Note and Deed of Trust to Deutsche Bank is similarly void. CR 207-08.

Contrary to Mr. Martinez's claims, the 2013 OCCC Statement is no more than a scintilla of evidence as to whether Ameriquest was licensed to originate Texas home equity loans as of December 13, 2002—the date Ameriquest originated Mr. Martinez's home equity loan—at the location specified in the Deed

14

of Trust. The 2013 OCCC Statement lists the license numbers and the last registered address for each Ameriquest location that was licensed according to the records of the Consumer Credit Commissioner as of October 2, 2013. CR 222-25. The general street address for the Ameriquest location in the Deed of Trust appears in paragraph 30 of the 2013 OCCC Statement as a licensed location for Ameriquest as of November 2, 2007, when the license was cancelled. CR 225. The 2013 OCCC Statement, however, does not purport to specify the locations for the Ameriquest license numbers as of December 13, 2002, the date Mr. Martinez's loan was originated.

Accordingly, the 2013 OCCC Statement does not rise to "a level that would enable reasonable and fair-minded people to differ in their conclusions" as to whether the Ameriquest location in the Deed of Trust was a licensed location in December 2002. At best, the 2013 OCCC Statement does "no more than create a mere surmise or suspicion" that the Ameriquest location in the Deed of Trust was not licensed. *Ridgway*, 135 S.W.3d at 601. Therefore, the 2013 OCCC Statement is in legal effect no evidence of whether Ameriquest was licensed to originate Mr. Martinez's home equity loan as of December 2002. Consequently, Mr. Martinez failed to bring forth any evidence in support of his claims, and as a result, the Trial Court correctly granted summary judgment in favor of Deutsche Bank and Homeward on Mr. Martinez's claims.

15

**C.** **The summary judgment evidence shows Ameriquest was licensed to originate Mr. Martinez's home equity loan at the location in the Deed of Trust.**

Even if Mr. Martinez is able to meet his burden on the no-evidence motion for summary judgment, the summary judgment evidence offered by both parties shows there is no genuine issue of material fact on whether Ameriquest was licensed when it originated Mr. Martinez's home equity loan in December 2002. As discussed previously, Mr. Martinez claims that Ameriquest was not licensed because the address listed for Ameriquest in the Deed of Trust is a not location under which Ameriquest is licensed with the Texas Consumer Credit Commissioner as required by Texas Finance Code. CR 207-08. Ameriquest's address in the Deed of Trust is 1100 Town and Country Road, Suite 200, Orange, CA 92968. CR 102.

Under the Texas Finance Code, a person required to be licensed to originate a Texas home equity loan must have a separate license for each office at which loans are made. Tex. Fin. Code. §§ 342.051, 342.052(b). The application for the license, however, must include only the approximate location for which business will be conducted, and the issued license will reflect this approximate location. *Id.* at §§ 342.101, 342.151. Moreover, the licensee must give written notice to the Consumer Credit Commissioner when the licensee's location changes. *Id.* at § 342.162. The license will then be amended to reflect the current location of the

16

licensee. *Id.*

The evidence offered by Deutsche Bank and Homeward establishes that Ameriquest originated Mr. Martinez's Loan from a licensed location. Specifically, the June 18, 2014 Certified Statement of the Texas Consumer Credit Commissioner ("2014 OCCC Statement") shows that Ameriquest held a regulated loan license (License Number 1171-9977) for the location at 1100 Town & Country Rd.; Orange, California 92868 from March 20, 1998 until November 2, 2007, when the license was canceled. CR 91:¶10, 127. The 2014 OCCC Statement thus shows that the approximate location of "1100 Town & Country Rd." was a location consistent with the licensing requirements of the Texas Finance Code from which Ameriquest could originate home equity loans at the time Mr. Martinez obtained his Loan on December 13, 2002. Tex. Fin. Code. §§ 342.101, 342.151.

Moreover, the licensed location was only changed to the more specific address of "1100 Town & Country Rd., 11th Floor" pursuant to an address change request on April 19, 2004, which was more than 16 months after Ameriquest originated Mr. Martinez's Loan on December 13, 2002. CR 102, 127. Furthermore, the change in address noted in the 2014 OCCC Statement is consistent with the 2013 OCCC Statement—relied on by Mr. Martinez—which shows that the address for Ameriquest License Number 1171-9977 was 1100 Town

17

& Country Rd., 11th Floor; Orange, California 92868 when the licensed was cancelled in November 2, 2007. CR 225:¶30.

As such, the address of "1100 Town and Country Road, Suite 200" specified in the Deed of Trust is not inconsistent with the approximate address of "1100 Town & Country Rd." specified in the 2014 OCCC Statement. CR 102, 127. Likewise, the address in the Deed of Trust is not inconsistent with the licensed location in the 2013 OCCC Statement as argued by Mr. Martinez. CR 207-08; Appellant's Brief at 12. Rather, both OCCC Statements show that, as of December 13, 2002, Ameriquest was licensed to originate home equity loans at the address specified in Mr. Martinez's Deed of Trust. Therefore, the summary judgment evidence offered by both parties shows there is no genuine issue of material fact on whether Ameriquest was licensed as a regulated lender when it originated Mr. Martinez's home equity loan in December 2002. The Trial Court thus correctly granted summary judgment in favor of Deutsche Bank and Homeward on Mr. Martinez's claims.

**IV. Even if the Court finds there is a fact issue on whether Ameriquest was a licensed lender, Mr. Martinez's claims are barred by the statute of limitations.**

The primary argument advanced by Mr. Martinez in his brief is that the statute of limitations does not apply to his claims because Deutsche Bank's home equity lien on the Property is void. Mr. Martinez premises his argument on the

mistaken assumption that Ameriquest was not a licensed regulated lender at the time the Loan was originated. Even if this assumption were correct, this does not render the lien on the Property void as Mr. Martinez contends. Rather, if Ameriquest was not a licensed regulated lender, then Deutsche Bank's lien would be voidable. As such, the statute of limitations would bar Mr. Martinez's claims challenging Deutsche Bank's enforcement of its lien on the Property.

Texas courts have held that the residual four-year statute of limitations applies to actions alleging violations of the constitutional provisions governing home equity loans since the Texas constitution does not provide an express limitations period for such actions. Tex. Civ. Prac. & Rem. Code. § 16.051; *In re Estate of Hardesty*, 449 S.W.3d 895, 910-11 (Tex. App.—Texarkana 2014, no pet.); *Santiago v. Novastar*, 443 S.W.3d 462, 469 (Tex. App.—Dallas 2014, pet. denied); *Wood v. HSBC Bank USA, N.A.*, 439 S.W.3d 585, 592 (Tex. App.—Houston [14th Dist.] 2014, pet. filed); *Williams v. Wachovia Mortgage Corp.*, 407 S.W.3d 391, 394 (Tex. App.—Dallas 2013, pet. denied). For limitations purposes, a cause of action accrues "when a wrongful act causes some legal injury, even if the fact of injury is not discovered until later, and even if all resulting damages have not yet occurred." *Murphy v. Campbell*, 964 S.W.2d 265, 270 (Tex. 1997). A claim for a violation of the constitutional requirements in the origination of a home equity loan accrues on the date the loan was closed. *Hardesty*, 449 S.W.3d

19

at 911-12; *Santiago*, 443 S.W.3d at 469-70; *Wood*, 439 S.W.3d at 594-95; *Schanzle v. JPMC Specialty Mortgage LLC*, No. 03-09-00639-CV, 2011 WL 832170, *4 (Tex. App.—Austin March 11, 2011, no pet.) (mem. op.).

In the present case, Mr. Martinez claims Ameriquest violated section 50(a)(6)(P)(iii) of the Texas Constitution because it was not a licensed regulated lender when Ameriquest originated the Loan. Appellant's Brief at 12; CR 6-8, 207-08. Therefore, Mr. Martinez's claim accrued when the Loan closed on or about December 13, 2002, and Mr. Martinez was required to bring his action asserting violations of the constitutional home equity provisions by December 13, 2006. Mr. Martinez, however, did not file suit against Deutsche Bank and Homeward challenging their right to enforce the home equity lien on the Property until April 10, 2013, more than six years after limitations had passed. CR 3, 71, 254-55. Consequently, Mr. Martinez's suit against Deutsche Bank and Homeward for violations of the constitutional home equity provisions is barred by the four year statute of limitations.

Although Mr. Martinez failed to raise this argument to the Trial Court, Mr. Martinez now claims that the statute of limitations does not apply to his claims because Deutsche Bank's home equity lien is void. Appellant's Brief at 16-19. Specifically, Mr. Martinez contends that the home equity lien is void because it was constitutionally defective from origination since Ameriquest was not a

20

licensed regulated lender in violation of section 50(a)(6)(P)(iii) of the Texas Constitution. Further, Mr. Martinez claims the lien is void because neither Ameriquest nor Deutsche Bank ever cured the alleged violation. Appellant's Brief at 18-19.

The Texas Constitution expressly states that "no mortgage, trust deed, or other lien on the homestead shall ever be valid unless it secures a debt" allowed under the Texas Constitution. Tex. Const., Art. XVI § 50(c). Texas courts have thus held that a lien which does not comply with the requirements of the Texas Constitution is not valid, is void, and cannot be made valid unless the power to do so is provided by the constitution or statute. *See Collier v. Valley Building & Loan Ass'n*, 62 S.W.2d 82, 84 (Tex. Comm'n App. 1933, holding approved). However, this situation changed in 1997 with the adoption of the home equity amendment to the Texas Constitution. Tex. Const., Art. XVI § 50(a)(6).

Unlike the other types of liens allowed by the constitution, the home equity amendment provided a cure provision for violations of the home equity lending requirements. Tex. Const., Art. XVI § 50(a)(6)(Q)(x); *Doody v. Ameriquest Mortgage Co.*, 49 S.W.3d 342, 346 (Tex. 2001). Although the cure provision was amended in 2003 to further specify the process to cure certain violations, the Texas Supreme Court held that the pre-2003 version applies to all the lender obligations related to the origination of a home equity loan. *Doody*, 49 S.W.3d at 345;

21

*Williams*, 407 S.W.3d at 397; *Fix v. Flagstar Bank, FSB*, 242 S.W.3d 147, 157 (Tex. App.—Fort Worth 2007, pet. denied). Since Mr. Martinez's Loan was closed on December 13, 2002, the pre-2003 version of the cure provision applies to all constitutional requirements for the origination of Mr. Martinez's Loan, including the requirement that a home equity lender must be a licensed regulated lender. Under the cure provision, lenders have a reasonable opportunity to cure any defect in the origination of a home equity loan upon notice of such defect from the borrower. *Doody*, 49 S.W.3d at 345-46; *Williams*, 407 S.W.3d at 397; *Fix*, 242 S.W.3d at 156-57. As such, a home equity lien is only invalidated if (1) the borrower gives notice of the violation and (2) the lender then fails to correct the violation within a reasonable time. Tex. Const., Art. XVI § 50(a)(6)(Q)(x).

Accordingly, a home equity lien that violates a constitutional requirement is not void from its inception as asserted by Mr. Martinez. Rather, such lien is voidable because it only becomes void or invalid if the lender fails to cure any violation after receiving notice from the borrower. Tex. Const., Art. XVI § 50(a)(6)(Q)(x); *Hardesty*, 449 S.W.3d at 910-11; *Wood*, 439 S.W.3d at 591; *Williams*, 407 S.W.3d at 396-97. A lien is void if it is "without vitality or legal effect;" whereas a lien is voidable if it "operates to accomplish the thing sought to be accomplished, until the fatal vice in the transaction has been judicially ascertained or declared." *Slaughter v. Qualls*, 162 S.W.2d 671, 674 (Tex. 1942)

22

(quoting *Smith v. Thornhill*, 25 S.W.2d 597, 598 (Tex. Comm'n App. 1926)). If a lien is void, it cannot be ratified or confirmed, and its "nullity cannot be waived." *Brazzel v. Murray*, 481 S.W.2d 801, 803 (Tex. 1972) (discussing the distinction between void and voidable judicial acts). Conversely, a voidable lien is binding until it is challenged, and it "may be made finally valid by failure within the proper time" to have it set aside, or by "subsequent ratification or confirmation." *Id.* Similarly, a voidable lien "effectually accomplishes the thing sought to be accomplished" until it is set aside in a suit challenging its enforceability. *Pure Oil Co. v. Ross*, 111 S.W.2d 1076, 1078 (Tex. 1938). The distinction between a void lien and a voidable lien is thus found in whether a party can disaffirm, ratify or confirm the lien. *Wood*, 439 S.W.3d at 591. Since a home equity lien that violates the requirements of Section 50(a)(6) can be corrected, ratified, confirmed, disaffirmed or cured—none of which are true for a void lien—then such lien must necessarily be voidable.

Contrary to Mr. Martinez's argument, Deutsche Bank's home equity lien would thus be voidable—and not void—if Ameriquest was not a licensed regulated lender as asserted by Mr. Martinez. In order to invalidate the lien, Mr. Martinez would then have to challenge the lien's validity within the applicable limitations period by giving notice of the violation to Ameriquest or Deutsche Bank. However, there is no summary judgment evidence that Mr. Martinez ever gave

23

such notice. Consequently, the applicable four your statute of limitations would now bar Mr. Martinez's claims for any alleged home equity violations in the origination of his Loan. Moreover, the summary judgment evidence shows that Mr. Martinez waived, ratified, or affirmed any purported home equity violations in the origination of the Loan when he entered into the three separate forbearance agreements in March 2006, June 2006, and August 2008. CR 92-93 at ¶¶ 14-16, 134-40, 143-45. Therefore, the Trial Court correctly granted summary judgment in favor of Deutsche Bank and Homeward on the ground that Mr. Martinez's claim challenging the validity of the home equity lien on the Property is barred by limitations.

### Prayer

For these reasons, Deutsche Bank and Homeward respectfully request the Court to affirm the Trial Court's Order granting Deutsche Bank and Homeward's traditional and no-evidence motion for summary judgment, and denying Mr. Martinez's motion for traditional and no-evidence partial summary judgment.

Respectfully Submitted,

*/s/ Bradley E. McLain*
Jeremy J. Overbey
Texas Bar No. 24046570
*joverbey@settlepou.com*
Bradley E. McLain
Texas Bar No. 24041453
*bmclain@settlepou.com*

SETTLEPOU
3333 Lee Parkway, Eighth Floor
Dallas, Texas  75219
(214) 520-3300
(214) 526-4145 (Facsimile)

ATTORNEYS FOR APPELLEES

**Certificate of Compliance**

I hereby certify that: (1) the word count of this document is 5,435 words according to Microsoft Word Version 2010 and excluding those parts of the document specified in TEX. R. APP. P. 9.4(i)(1); and (2) this document has been prepared in a conventional typeface no smaller than 14-point for text and 12-point for footnotes.

/s/ *Bradley E. McLain*
Bradley E. McLain

**Certificate of Service**

I certify that this document was served in accordance with the Texas Rules of Appellate Procedure on May 8, 2015, by the manner indicated upon the following persons:

Via Electronic Service and Email
William B. Gammon
Karla Huertas
Gammon Law Office, PLLC
1201 Spyglass Drive, Suite 100
Austin, Texas 78746

/s/ *Bradley E. McLain*
Bradley E. McLain

DMS-#693478-v1-Appellees_Brief.docx

26